BY THE COURT.
The case of The Sank of Steubenville v. Carrol, 5 O. 214, is decisive of this. The cases cited upon the subject of valid contracts and good consideration, do not apply to the -question before us. In this case, the contract (to give time) has *376 been executed by the parties as a valid one, and it does not lie in the' mouth of either now to say, they might have refused to execute the contract,'because it was without consideration. The real question is, was'time given by the obligee to the principal debtor, without the consent of the surety ? that is alleged and admitted by the demurrer. Such time given upon a new contract, waves the performance of the old one, and substitutes in its stead a new one, and in that way dischaz’ges the old. We do not presume that th estatutoof fraud bears upon the contract; but if it did, the execution or admission of the contract would take it out of the statute.
Judgment for the defendant.
[Time given to debtor by executed contract discharges surety, and want of consideration can be shown. Commented on and distinguished; Jenkins v. Clarkson, 7 O., 1st pt. 72, 74; Thompson v. Marshall, 3 W. L. M. 386, 388.
Written contract variable by subsequent parol contract; Negley v. Jeffers, 28 O. S. 90, 100.]