## Bank of Morehead *v.* Hernig, Appellant.

*Promissory note—Action by indorsee against maker—Defect of title— Notice—Statement of claim—Affidavit of defense.*

Where in an action on a promissory note by an indorsee against the maker, the statement of claim does not aver that the plaintiff is a bona fide holder for value, and the affidavit of defense avers that the note was taken by the holder after notice of the payee's defective title, and that no consideration passed, or if any consideration did pass, it was very small, the affidavit of defense is sufficient, and the plaintiff is put to the proof of the bona fides of the transaction, and to show his title.

Argued Jan. 13, 1908. Appeal, No. 219, Jan. T., 1907, by defendants, from order of C. P. No. 1, Phila. Co., Dec. T., 1906, No. 5,188, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Bank of Morehead *v.* Peter Hernig and Ely K. Richard. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*J. S. Freemann,* for appellants.—In view of the fact that the statement of claim did not aver that the plaintiff was a holder of the promissory note for value before maturity and without notice, the affidavit was sufficient: Hutchinson v. Boggs, 28 Pa. 294 ; Hoffman v. Foster & Co., 43 Pa. 137 ; Royer v. Keystone Nat. Bank, 83 Pa. 248 ; Sloan v. Union Banking Co., 67 Pa. 470 ; Carpenter v. Bank, 106 Pa. 170 ; Maynard v. Bank, 98 Pa. 250 ; Lerch Hardware Co. v. Bank, 109 Pa. 240 ; Phelan v. Moss, 67 Pa. 59 ; Hart v. United States Trust Co., 118 Pa. 565 ; Camden Nat. Bank v. Fries-Breslin Co., 214 Pa. 395 ; Todd v. Shelbourne, 8 Hun, 510 ; Harger v. Wilson, 63 Barb.

237; Dresser v. Missouri, etc., R. R. Construction Co., 93 U. S. 92.

*W. H. G. Gould,* for appellee.—The affidavit of defense in this case is fatally defective because of its vague and indefinite statements upon several material points: Markley v. Stevens, 89 Pa. 279; Camden Nat. Bank v. Fries-Breslin Co., 214 Pa. 395.

Before the holder of negotiable paper can be required to prove his bona fides it must appear that the instrument was obtained originally or was put into circulation subsequently by fraud or undue means: Sloan v. Union Banking Co., 67 Pa. 470; Phelan v. Moss, 67 Pa. 59; Bardsley v. Delp, 88 Pa. 420.

The makers of a note are held as the primary obligors and, in the absence of fraud, felony or force, are liable to the holders who took the note, even with the knowledge that it is accommodation paper at the time they took it: Walker v. Bank, 12 S. & R. 382; Penn. Safe Deposit & Trust Co. v. Stetson, 175 Pa. 160; Smith v. Hine, 179 Pa. 260; Delaware County Trust, etc., Co. v. Haser, 199 Pa. 17; Lord v. Ocean Bank, 20 Pa. 384; Chambers v. McLean, 24 Pa. Superior Ct. 567.

It is not necessary in order to become a holder for value to pay the full face value of the note: Gaul v. Willis, 26 Pa. 259; Moore v. Baird, 30 Pa. 138; Morris v. Creswell, 2 Pears. 197; Forepaugh v. Baker, 21 W. N. C. 299; First Nat. Bank of Mahanoy City v. Dick, 22 Pa. Superior Ct. 445.

OPINION BY MR. JUSTICE MESTREZAT, March 2, 1908:

This is an appeal from a judgment entered by the court below for want of a sufficient affidavit of defense. The criticism of the affidavit by the learned counsel for the appellee has at least some ground to support it, but it may be suggested that a like criticism might have been made by the appellants' counsel against the statement. We must, however, dispose of the case as we find it, and if either party suffers by disregarding the well-settled rules of pleading he has no just ground to complain.

This action was brought by the plaintiff against the defendants to recover on a promissory note for $2,500, dated May 16, 1906, and payable four months after date to the order of

E. V. Carr who indorsed and delivered it to the plaintiff. The statement avers that the defendants executed the note and delivered it to Carr who " prior to the maturity of the said note indorsed and delivered the said note to the said bank of Morehead, aforesaid plaintiff."

The affidavit of defense avers that the defendants executed and delivered two notes, one dated May 11 and the other May 16, to Carr for his accommodation ; that Carr agreed that if he succeeded in having one discounted, the other would be returned to the makers ; that the two notes were given to take up a note previously given by the makers for the same amount which represented an indebtedness due by Carr to a third party ; that Carr had one of the notes discounted at the National Deposit Bank of Philadelphia and received the proceeds and that note has since been paid by the defendant, Hernig ; that when Carr was requested by the defendants to return the note in suit he advised them that he had left it in Kentucky, but would get it and return it ; and that shortly thereafter Hernig " received an inquiry as to this note from the plaintiff bank, whereupon this deponent notified the bank that they should not advance any money to Carr upon this note, that the deponents were not indebted to said Carr."

The affidavit further avers that no money, or, if any, then but a very small amount had been advanced by the plaintiff bank prior to the receipt of the notice given by Hernig, notifying the bank not to advance any money on the note to Carr. The affidavit then directs attention to the fact that there is no averment as to when or how the plaintiff advanced any part of the money to Carr, and that the statement does not set forth that the plaintiff was a holder for value of the note without notice prior to its maturity.

We think the affidavit is sufficient to send the case to a jury. The defendants are not seeking to prevent a recovery on the note because of their being accommodation makers. They claim that Carr made a fraudulent use of the note and that the bank had notice that his title was defective before it discounted it. The affidavit clearly shows that the defendants were accommodation makers and that Carr negotiated the note in violation of his agreement to return it to the makers. The other note had been negotiated and Carr had received the

money.   He then had no right to use the other note, and in doing so he was committing a fraud on the accommodation makers.   If the plaintiff bank had knowledge of this defect in the title, it is not a bona fide holder for value without notice, and cannot enforce payment from the defendants.

The statement does not aver that the plaintiff is a bona fide holder for value, which is the usual form of averment in suits on promissory notes by an indorsee against the maker.   It is true that every holder is deemed, prima facie, to be a holder in due course, but the uniform practice is to aver in the statement that the plaintiff took the note before maturity, and is a bona fide holder without notice.   At all events when, as here, the affidavit of defense avers that the note was taken by the holder after notice of its defect and that no consideration passed, or, if any consideration did pass it was very small, the plaintiff is put to the proof of the bona fides of the transaction and to show his title.

In Hoffman v. Foster & Company, 43 Pa. 137, the affidavit of defense averred that the note was for the accommodation of the payee, and was sent in a letter to him ; that he denied receiving it and asked for a duplicate, promising to return the original, if found.   A second note was given and paid by the defendant, who was then sued upon the original note, which the payee had fraudulently negotiated.   It was held that the plaintiff was required to prove that he took the note for a valuable consideration and before maturity.   In the opinion it is said (p. 138): " As against McGinnis (the payee), he (the defendant), always had an ample defense to both notes, and it is clear that the first note has thrown around it a cloud of suspicion and fraud which calls upon the plaintiff to show that he obtained it upon a valuable consideration in the usual course of business before it was due."

In Real Estate Investment Company v. Russel, 148 Pa. 496, it appeared that the note in suit was put in circulation by fraud.   In reversing the court below and holding that there was sufficient in the affidavit to call upon the plaintiff to show that he was a bona fide holder, Chief Justice PAXSON said (p. 499): " It (the averment of fraud) is sufficient to require the plaintiff to show that he took the note before maturity, and paid value for it.   Were this not the rule, it would be im-

possible for the maker of a note, fraudulently issued, to set up any defense whatever. As a general rule, in such cases, the maker has no knowledge as to whether the plaintiff paid value or not ; hence he cannot conscientiously swear that he is not a bona fide holder. It is no hardship to the plaintiff to require proof of consideration."

The same rule obtains under the negotiable instruments law passed in 1901, which is simply declaratory of the law as it existed at the time of the passage of the act. By its provisions, if the title of the person who negotiated the instrument is defective, the burden is on the holder to prove that he or some person under whom he claims acquired a title in due course. The title of a person who negotiates an instrument is defective within the meaning of the act if he obtains the note or any signature by fraud, or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud. If the transferee receives notice of any defect in the title of the person negotiating it before he has paid the full amount, he will be deemed a holder in due course only to the extent of the amount theretofore paid by him.

Under the circumstances set forth in the affidavit of defense we think the defendants have disclosed as much knowledge of the consideration paid by the holder for the note in suit as could be expected. They aver that they expect to be able to prove that a very small amount of money, if any, was paid prior to the receipt of the notice given to the plaintiff. In the absence of any averment in the statement that the transfer was made for value and without notice, we do not think the defendants are required, or can be expected, to make a more definite averment in regard to the consideration paid by the plaintiff to the payee for the transfer of the note. The plaintiff has knowledge of what was paid as a consideration, while the defendants do not have such knowledge, and have no means of knowing whether anything was paid or not, and hence they cannot conscientiously aver in their affidavit what consideration, if any, the payee received for the transfer of the note.

The judgment is reversed with a procedendo.