## DICK v. JULLIEN.

(Court of Appeals of District of Columbia. Submitted March 9, 1922. Decided April 3, 1922.)

No. 3701.

I. **Contracts** ⟨⟫229(3)—**Payment to architect of more than agreed price does not require payment of percentage on entire work.**

Where defendant employed plaintiff as architect to supervise repairs, which were to cost $45,000, and agreed to pay 10 per cent. of that amount, the fact that defendant had paid plaintiff more than $4,500 is not one of which plaintiff can complain, and does not bar defendant's right to prove the contract, though it would be evidence of the existence of a contract to pay the percentage on the total cost.

**2. Contracts ⬤⟳317—Set-off and counterclaim ⬤⟳26—Architect cannot recover, if owner has been damaged by negligent supervision, or his recovery may be diminished by set-off of such damages.**

An architect, who has been employed by the owner of a building to supervise the contractors in making repairs to the building, is required to render competent service, and if the owner is damaged by his incompetent or negligent service in supervising the work, or in certifying that it had been properly performed, the architect may not recover, or his claim may be subjected to an offset by the damages sustained through his incompetence or neglect.

**3. Pleading ⬤⟳155—Affidavit of defense should not be so strictly construed as to deprive defendant of proper defense.**

The affidavit of defense, under the seventy-third rule, should not be so strictly construed as to deprive the defendant of a proper defense, but should be sustained if it contains a statement of facts sufficient to convince the court of the good faith of defendant and that the defense is not frivolous or dilatory.

**4. Pleading ⬤⟳350(3)—Motion for judgment for insufficient affidavit of defense does not test form of affidavit.**

A motion for judgment on the insufficiency of the affidavit of defense, while admitting the averments of the affidavit, should not be treated as a demurrer to a pleading, since a demurrer goes to the form as well as the substance, while a motion for judgment only searches the subject-matter of the affidavit, to determine whether under a liberal construction a defense is averred.

Appeal from the Supreme Court of the District of Columbia.

Action by Philip M. Jullien against Charles Dick. Judgment for the plaintiff, for insufficiency of the affidavit of defense, and defendant appeals. Reversed and remanded for a new trial.

H. Winship Wheatley and Frederick C. Bryan, both of Washington, D. C., for appellant.

Harvey T. Winfield, James Gillin, and Elizabeth C. Harris, all of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This appeal is from a judgment rendered against appellant on the insufficiency of his affidavit of defense under the seventy-third rule.

Appellee, plaintiff below, in his declaration and affidavit of merit, claims a balance due for services rendered by him, as architect, in the remodeling of the Franklin Square Hotel in the city of Washington. The suit is based upon an alleged agreement by defendant to pay 10 per cent. of the cost of remodeling said hotel.

In the affidavit of defense, defendant denies the right of plaintiff to recover any part of the sum claimed. He admits that he entered into an agreement with the plaintiff, under which plaintiff was to draw plans and specifications, make estimates for the remodeling of the hotel, and supervise the work, but avers that the reasonable cost of the work performed on the hotel, under the supervision of plaintiff, did not exceed $54,945, on which amount he "paid defendant 10 per cent., and denies that he contracted to pay more."

Defendant also avers that the contract so made with plaintiff was limited to an expenditure of not to exceed $45,000, with a further stipulation that the work should be completed before the 1st day of Octo-

ber, 1919, but that plaintiff failed to have the work completed until February, 1920, to plaintiff's damage in the sum of $10,000. It is also averred that plaintiff so "ignorantly, carelessly, unskillfully, and negligently superintended and performed the work, and gave certificates in regard thereto, that the cost of said work far exceeded what it was fairly and reasonably worth, to wit, by the amount of plaintiff's claim herein." This general averment of negligence is supported by a specification to the effect that the defendant was compelled to pay certificates issued by plaintiff for painting and decorating to the amount of $25,000, upon work which was fairly and reasonably worth $12,-500. The affidavit also specifies damages in the sum of $5,000, sustained through the negligence of plaintiff in permitting the defective installment of a ventilating system, and ends with the averment, "all of which the defendant fully expects to prove when this cause comes to trial."

From a judgment for plaintiff in the sum of $8,712.27, with interest, defendant prosecuted this appeal.

[1] It will be observed that defendant sets up a contract under which plaintiff was to perform the work of remodeling the hotel at a cost of not to exceed $45,000, on which defendant was to pay him 10 per cent., or $4,500, for his services. It is admitted that more than this amount has been paid plaintiff for his services. This is a matter, however, of which plaintiff cannot complain, and its only effect would be evidential as bearing upon the existence of the alleged contract. It in no respect bars defendant's right to set up and prove the contract.

[2] Three elements of damage are specifically alleged—failure to complete the work within the contract period, damage to defendant through plaintiff's negligence in superintending the painting and decorating, and by permitting a defective ventilating system to be installed —all of which are competent defenses to plaintiff's claim for services. Defendant avers in his affidavit, as an inducement for employing plaintiff and entering into the alleged contract with him:

"That plaintiff was an architect holding himself out as possessing the necessary skill and knowledge for examining and superintending work under a building contract, and that defendant, relying on plaintiff's knowledge, skill, and advice. employed him to superintend and perform the work so as aforesaid agreed upon between them."

In Lasher v. Colton, Adm'r, 80 Ill. App. 75, a suit to recover for services rendered by an architect, exception was taken to a prayer granted by the trial court instructing the jury that, if the architect performed his services, they should find for him, unless they believed that there had been a definite agreement respecting the amount of compensation, and that the burden of proving such an agreement was upon the defendant. There was a further instruction to the effect that the architect could not be held responsible for imperfections found in the materials furnished or work performed, unless the imperfections were fraudulently accepted by him. The Appellate Court, reversing the case, said:

"A negligent disregard of an architect's duty in such respects would be as effectual a defense as a fraudulent one, and it was quite too severe an appli-

cation of the law to say that he was responsible only for actual fraud committed by him. And the instruction should have stated the law correctly, because of one aspect of the defense that the evidence tended to show, of negligence by the architect concerning the materials and work furnished and done by one contractor, the Interior Building Company."

It is well established, we think, as a principle of law, that when the architect is not the contractor, if he contracts to prepare plans and specifications, superintends the work by the contractors, and issues the usual architect's certificates, certifying that the work has been properly performed, any failure to see that the work has been so performed by the various contractors, in accordance with the plans and specifications upon which the contract is based, may be availed of as a defense in an action by the architect for services rendered. The builder contracts with the architect for competent service, and if incompetent or negligent service is rendered, as the result of which the builder is damaged, the architect may not recover, or his claim may be subject to an offset, in whole or in part, by damages shown to have been sustained through his incompetence or neglect. In such a case the consideration fails, since the thing which the architect contracted to furnish was not delivered.

[3] The affidavit of defense, under the seventy-third rule, should not be so strictly construed as to deprive the defendant of making a proper defense. If it contains a statement of facts, sufficient to convince the court of the good faith of defendant, and that the defense is not frivolous or dilatory, it should be sustained. The nature of the action and the defense produced should govern in construing an affidavit under the rule, and in no case should the construction be so strict or rigid as to embarrass the defendant in making a proper defense.

[4] Motion for judgment on the insufficiency of the affidavit of defense, while admitting the averments of the affidavit, should not be treated as a demurrer to a pleading. A demurrer goes to the form as well as the substance of a pleading, while a motion for judgment only searches the subject-matter of the affidavit, to determine whether under a liberal construction a defense is averred of which a defendant may avail himself.

Early in the history of this court a rule of construction of an affidavit of defense was announced, which has since been rigidly followed. Chief Justice Alvey, announcing the opinion of the court in Bailey v. District of Columbia, 4 App. D. C. 356, 370, said:

"The rule and affidavit required should in no case, and especially not in a case like the present, be so rigidly and strictly construed as to embarrass the defendant in availing itself of what may be regarded as a valid defense to the action. Nor should the affidavit, in any case, be tested as by a demurrer to a plea. All that can in reason be required is that such state of facts, in support of the defense pleaded, be set forth in the affidavit as will satisfy the court of the good faith of the defendant in making the defense, and that such defense is not of a frivolous or dilatory character. Further than this the court cannot go in restricting the defendant in the exercise of his right to contest the demand of the plaintiff."

Applying this rule to the affidavit of defense in the present case, we are of the opinion that the court erred in sustaining the motion for judgment.

The judgment is reversed, with costs, and cause remanded for a new trial.