## LESTER v. SUPERIOR MOTOR CAR, Inc.

### No. 7610.

United States Court of Appeals for the District of Columbia.

Argued Jan. 16, 1941.

Decided Jan. 21, 1941.

Harold H. Shaller, of Washington, D. C., for appellant.

Frank Paley, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

PER CURIAM.

[1-3] The statement of evidence filed in this case shows that appellant, being in need of an automobile in good running condition, purchased from appellee a used car on appellee's representation that it was "in first-class shape" and if anything about it proved wrong appellee would promptly put it "in good shape"; that appellant, relying upon this representation and promise, received the car and almost immediately thereafter found that the representation was untrue, and the next day returned with the car and demanded that it be put in condition, which appellee declined to do. Thereafter appellant expended in the neighborhood of $150 in putting the car in running condition. This sum he sued to recover on the ground that, being induced to purchase the automobile upon the faith of appellee's false representations, he had sustained damages to the extent of the necessary repairs. Appellee moved to strike out all evidence pertaining to repairs on the ground that these were not proper elements of damage. The trial court denied the motion but later gave binding instructions on the ground that the case was ruled by the doctrine of

caveat emptor. In this respect, we think the court below was wrong. In Bailey v. Smith, 57 App.D.C. 369, 371, 23 F.2d 977, 979, we said in a case involving a similar question that where the purchaser has equal and available means for information and no fraud or artifice was used to prevent inquiry or investigation, there is a basis for the application of the rule of caveat emptor, but where the vendor makes statements of fact concerning matters peculiarly within his knowledge for the purpose of inducing action by the vendee, the rule has no application.

"He whose false representations have induced another to deal with him is not standing upon very firm ground when he takes the position that his victim ought not to have relied upon his false statements".

Reversed and remanded with instruction to grant a new trial.