PALMER v. ASSOCIATES DISCOUNT CORPORATION.

No. 7701.

United States Court of Appeals for the District of Columbia.

Decided Nov. 3, 1941.

Charles S. Rhyne, of Washington, D. C., for appellant.

William R. Lichtenberg and Joseph B. Danzansky, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

MILLER, Associate Justice.

The affidavit of defense which was filed in the Municipal Court, in the present case, set out a statement of facts, of which the following constitutes a brief summary: On August 12, 1939, William H. Palmer bought a Plymouth automobile from Frank Small, Jr. As consideration therefor he transferred to Small a Ford roadster and signed a promissory note in the principal sum of $220.20, payable in twelve equal monthly installments of $18.-35. Small represented the Plymouth automobile to be in good condition and fitted for constant daily use in Palmer's work as an insurance company agent. On the following day, August 13, 1939, Palmer drove the Plymouth from Washington to Baltimore and back and found it to be in an unsafe and dangerous condition and with numerous and serious defects. On August 14, he returned the Plymouth to Small, who promised that the various defects would be corrected. However, they were not corrected, though the automobile was returned several times thereafter to Small for that purpose. Finally, on August 26, 1939, fourteen days after the purchase of the Plymouth, Palmer returned it to Small; informed him that it was in an unsafe and dangerous condition; that this condition had not been remedied, in spite of his repeated demands; that he considered the Plymouth worthless and would not keep it. Small then told Palmer that by returning the Plymouth he had lost the Ford roadster which had been taken as part payment. Thereafter, Associates Discount Corporation demanded of Palmer payment of unpaid installments on the note. Palmer informed Associates Discount Corporation of the facts as above set out and declined to pay.

Associates Discount Corporation sued Palmer in the Municipal Court of the District of Columbia to recover upon the note. Palmer filed the affidavit of defense to which reference is made in the preceding paragraph. The Municipal Court granted a motion, made by Associates Discount Corporation, for judgment because of an insufficient affidavit of defense. This court granted a petition for writ of error.

The question presented for our consideration is whether appellee made a sufficient showing, that it was a holder in due course, to support the judgment of the Municipal Court. We are persuaded that it did not. Appellee relies upon the presumption declared by the District of Columbia Code that every holder is deemed prima facie to be a holder in due course.[1] But that presumption avails it nothing, because of a further provision of the same section of the Code to the effect that "when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course." As will be demonstrated presently, it may properly be assumed for the purposes of this appeal that the title of Frank Small, Jr., negotiator of the note in dispute, was defective; hence, that the burden was on appellee to prove that it acquired title to the note as a holder in due course.

This result is required for the following reasons: An affidavit of defense must be liberally construed in favor of the defendant's right to maintain and establish any or all defenses alleged therein.[2] A motion for judgment on the insufficiency of such an affidavit admits its averments. Unlike a demurrer, it does not challenge the form of the affidavit. It merely searches its subject matter to determine whether, under a liberal construc-

---

[1] D.C.Code (1929) tit. 22, § 79.

[2] Wells v. Alropa Corp., 65 App.D.C. 281, 283, 82 F.2d 887, 889.

tion, a defense is averred of which the defendant may avail himself.[3]

Thus liberally construed, the affidavit of defense in this case was clearly sufficient to permit appellant to maintain and establish the defenses of failure of consideration, breach of warranty, and that he was induced to purchase the Plymouth automobile and to sign the promissory note by fraudulent misrepresentations.[4] Even if he had been able to prove no more than that he had been induced to execute the note and contract by Small's reckless or positive affirmance of false statements without knowledge of their falsity, it would have been sufficient to establish fraud, because Small was a dealer in automobiles and was the one person in a position to ascertain the facts concerning the automobile about which the representations were made.[5] Perhaps, if he had been given the opportunity, he might have proven deliberate and intentional fraud. But the Municipal Court, upon appellee's motion, denied him the opportunity to prove anything. Appellee's motion, therefore, admitted the averments of appellant's affidavit and admitted the defenses which he should have been permitted to prove. Consequently, we must now assume, for the purposes of this appeal, that the defenses were established; hence, pursuant to the express provision of the Code, that Frank Small, Jr.'s title was defective.[6]

The only showing which appellee made in the Municipal Court, to support the burden imposed upon it by the Code,[7] far from establishing that appellee is a holder in due course, is highly persuasive of the contrary. True, its affidavit of merit, which consists of a printed form, does contain the bare allegation of a conclusion, that the note "was, before maturity, for value, and without notice of any defect, negotiated to the plaintiff herein, who is now the holder thereof; * * *." But the note is fully set forth in the bill of particulars, and speaks eloquently for itself. It shows on its reverse side that it was negotiated, without intervening holders, directly to appellee, by Frank Small, Jr., who, as we have seen, held it under a defective title. It consists of a printed form; it shows on both its face and its reverse side that it was prepared for use in connection with the financing of automobile installment sales contracts. It reveals unmistakably that, in this business of automobile sales financing, Small and appellee were closely associated.[8] Thus, the note provides, in the largest type which appears on its face, that payments are to be made at the office of Associates Discount Corporation. On its reverse side, in the largest type which appears thereon, is printed, no less than five times, Associates Discount Corporation.

The note reveals further that it was intended to be discounted only by appellee. Thus, its reverse side is completely occupied by five printed forms, for five alternative indorsements which are labeled: "Without Recourse", "Full Recourse", "Full Repurchase", "Partial Repurchase", "Limited Repurchase". Each of the five forms begins with the following language: "Pay to Associates Discount Corporation." Examination of the language of these five forms indicates that the business relationship between Small and appellee was a flexible one, which

---

[3] Dick v. Jullien, 51 App.D.C. 355, 358, 279 F. 993, 996.

[4] Cf. Commercial Credit Co. v. Childs, 199 Ark. 1073, 1077, 137 S.W.2d 260, 262, 128 A.L.R. 726.

[5] Cooper v. Schlesinger, 111 U.S. 148, 155, 4 S.Ct. 360, 363, 28 L.Ed. 382: "* * * the jury were properly instructed that a statement recklessly made, without knowledge of its truth, was a false statement knowingly made, within the settled rule"; Lester v. Superior Motor Car, Inc., 73 App.D.C. 171, 172, 117 F.2d 780, 781; Smith v. O'Connor, 66 App.D. C. 367, 369, 88 F.2d 749, 751; Pellette v. Mann Auto Co., 116 Kan. 16, 19, 225 P. 1067, 1068; Chatham Furnace Co. v. Moffatt, 147 Mass. 403, 404, 18 N.E. 168, 169, 9 Am.St.Rep. 727; Wilson v. Jones, Tex.Com.App., 45 S.W.2d 572, 575.

[6] D.C.Code (1929) tit. 22, § 75: "The title of a person who negotiates an instrument is defective within the meaning hereof when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear or other unlawful means, or for any illegal consideration, or when he negotiates it in breach of faith or under such circumstances as amount to a fraud."

[7] D.C.Code (1929) tit. 22, § 79.

[8] Commercial Credit Co. v. Childs, 199 Ark. 1073, 1077, 137 S.W.2d 260, 262, 128 A.L.R. 726, noted in 53 Harv.L. Rev. 1200, 1201; Taylor v. Atlas Security Co., 213 Mo.App. 282, 287, 249 S.W. 746, 748; United States v. Schaeffer, D.C.Md., 33 F.Supp. 547.

permitted the securing to appellee of the legal status most advantageous to it in each case. The first two forms, "Without Recourse" and "Full Recourse" are of the usual character. The third, entitled "Full Repurchase", reads: "Pay to Associates Discount Corporation without recourse except that undersigned agrees to purchase from it the automobile described in the *contract executed concurrently* with this note in accordance with its *dealer protection agreement number one."* [Italics supplied] Then follows a line identified as the place for signature of the "Dealer." The fifth form is entitled "Limited Repurchase" and reads: "Pay to Associates Discount Corporation without recourse, excepting that if the maker fails to pay ——— installments of this note toward its satisfaction, then the undersigned will pay to the holder hereof an amount equal to the entire unpaid balance thereof in purchase of *the automobile described* in the *contract executed concurrently* with this note in accordance with *dealer protection agreement number one."* [Italics supplied] The fourth form, which was chosen for indorsement of the note in suit, reads as follows:

"(Partial Repurchase)

"Pay to

Associates Discount Corporation without recourse, excepting that if the maker fails to pay any installment of this note when due, undersigned at his election either will pay to the holder hereof an amount equal to the entire unpaid balance of this note in purchase of the automobile described in the contract executed concurrently with this note, upon delivery to the undersigned of the automobile, or will pay the holder hereof on demand $...20.00... to be released from such obligation to purchase.

for 4 payments
Signed....Frank Small Jr. ..............
Dealer
By..FRANK SMALL JR...............
Owner                                    Title"

The last three forms, it will be noted, contain phrases which, when viewed together with the other facts, are particularly suggestive of a close relationship between appellee and Small. The "Full Repurchase" and "Limited Repurchase" forms refer to a "contract executed concurrently with this note * * *." and

to "dealer protection agreement number one." The "Partial Repurchase" form refers to "the automobile described in the contract executed concurrently with this note, * *." Moreover, the note contains further evidence that the transaction between appellant and Small was carefully scrutinized by appellee, in the fact that Small filled in and signed the first form on the reverse of the note. This indorsement was then scratched out and form number four used instead.

Another important consideration is found in the fact that the indorsement upon which appellee relies is undated, yet it offered no proof whatever, in the Municipal Court, to prove the date of indorsement or to establish the time when it acquired title. The significance of this consideration arises from the necessity of determining when appellee had notice of the misrepresentations made by Small, consequently, of the defect in Small's title. Appellant stated in his affidavit of defense that when payment was demanded by appellee he informed it of all the facts surrounding the transaction. As appellee was named on the face of the note as the dealer's agent to receive payment, it is reasonable to infer that it was in possession of the note and demanded payment in that capacity. If so, it was disabled from subsequently acquiring the note in good faith and without notice, because of the knowledge which it had acquired in its interview with appellant. The circumstance that an agent to receive payment suddenly assumes the new role of holder in due course after refusal of payment, is itself enough to cast doubt on the good faith of its holding. As the date of the indorsement is a fact peculiarly within the holder's knowledge it should be required to divulge it,[9] especially where, as here, whether it took with notice of defenses or without notice after default in payments will depend on that fact.[10] The requirement of the Code, previously referred to, that the holder prove its acquisition of title as a holder in due course, becomes particularly appropriate under these circumstances.

We conclude, therefore, that appellee was not entitled, upon the showing made, to recover upon the note in suit.

Reversed.

9 Giberson v. Jolley, 120 Ind. 301, 303, 22 N.E. 306, 307.

10 Bank of Morehead v. Hernig, 220 Pa. 224, 227, 69 A. 679, 680; Jones v. Brandt, 173 Wis. 539, 542, 181 N.W. 813, 814.