## COOK v. WALL.
### No. 490.

Municipal Court of Appeals for the District of Columbia.

May 14, 1947.

Otho D. Branson, of Washington, D.C. (Emerson W. Browne, of Washington, D. C., on the brief), for appellant.

James E. Artis, of Washington, D. IC. (Wilkes, McGarraghy & Artis, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

In 1946 plaintiff purchased a 1936 motor truck from defendant for $1,000. He sued to recover the full purchase price plus additional alleged damages. He based his action on the alleged misrepresentations by the seller concerning the condition of the truck. The trial court found for defendant, and plaintiff has appealed.

If plaintiff's evidence is accepted, defendant represented that the truck was in "A-No. 1" mechanical condition and would be supplied with a suitable dump body; that relying on those representations he purchased the truck; that in fact the truck was not in good mechanical condition but the engine was cracked both inside and out, the main bearing was defective, and these and other defects made operation of the truck impossible; that the dump body furnished with the truck was not suitable and would not work; and that he returned the truck three days after taking it away.

On the other hand, if defendant's evidence is accepted, defendant agreed to put the truck in "ship-shape" running condition and had a mechanic work on the truck for about eleven days; that plaintiff, who had been driving trucks for twenty years and did repair work on his own vehicles, was present during practically all the time the mechanic worked on the truck; that the crack on the outside of the engine was so repaired it did not interfere with the running condition, and there was no indication of any crack on the inside of the engine; that the dump body was selected by plaintiff against the advice of defendant; that when the mechanic's work was completed, the truck was in good running condition (the mechanic called as witness for plaintiff said the truck was not in perfect condition but was in about the average condition for trucks of its age); that when the work was done and before final payment was made, plaintiff took the truck out for a road test, made such test as he desired, and reported that he was satisfied; that plaintiff then took the truck and kept it for three weeks; that when plaintiff returned the truck at the end of that time he stated the hoist in the dump body was sticking but made no other complaint as to the condition of the truck; that defendant told plaintiff to take the truck to the company which defendant had employed to install the body and hoist but plaintiff refused to do so and left the truck on defendant's lot.

The foregoing summary of evidence clearly shows that this case presented questions of fact as to what representations were made, and whether plaintiff relied on them.[1] The trial court found no fraud and no breach of contract. Such finding must be sustained.

Affirmed.

---

[1] Cf. Lester v. Superior Motor Car, Inc., 73 App.D.C. 171, 117 F.2d 780.