**WILSON v. GORDEN et al.**

No. 1242.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 3, 1952.

Decided Sept. 25, 1952.

Maurice A. Guervitz, Washington, D. C., for appellant.

Theodore E. Lombard, Washington, D. C., with whom Paul F. Interdonato, Washington, D. C., was on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This was a suit on a negotiable promissory note. Decision of the case turns entirely upon whether plaintiff was a holder in due course within the meaning of the Uniform Negotiable Instruments Law in force in the District of Columbia,[1] and thus took the note free from defenses available to the makers against the payee. The case was tried without a jury, and the trial court in finding for defendants stated in its memorandum opinion "that the plaintiff is not a bona fide holder in due course and is not an innocent purchaser for value * * *." Plaintiff appeals.

The circumstances in this case were as follows: United Television, Inc., sold defendants a television set on February 8, 1951, in consideration of which defendants signed a conditional sales contract and a promissory note in the amount of $362.50. On the same day plaintiff, who was in the business of purchasing promissory notes, purchased this note from United Television, Inc., for $246.50. Plaintiff testified that he had no connection with the television firm but had purchased some 20 notes from them of which this note was one. He further stated that he bought the note in good faith for valuable consideration and became a holder of the note before it was due.

1. Code 1951, § 28–402.

He testified that there were no suspicious circumstances surrounding its purchase and that he had visited the television firm's place of business and found that they were conducting a television sales business in Arlington, Virginia. Plaintiff admitted that he supplied the television firm with blank conditional sales contracts.

One of the defendants testified that an agent of the television firm called and was given permission to demonstrate a television unit on February 8, 1951. Defendants liked the set, and it was left at their home. Defendant signed the note and conditional sales contract the same day. Approximately three weeks later defendants called the television firm requesting that they remove the set because they could not meet the payments and that it proved unsatisfactory. This request was complied with.

On re-direct plaintiff testified that he sent defendants a payment book about March 10, 1951, and that he knew nothing whatsoever about any trouble between defendants and the television firm until after the first payment was due on March 15, 1951. Upon investigation, plaintiff learned that the television firm had closed its business and the operators thereof could not be located.

 Every holder of a negotiable instrument is deemed prima facie a holder in due course, but if it is shown that the title of any person who had negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course.[2] Accordingly, plaintiff first showed that he was a holder of the negotiable instrument and how he acquired it, thereby raising the presumption that he was a holder in due course. Defendants attacked this position by attempting to show that he acquired title to this negotiable instrument in breach of faith or under such circumstances as amount to a fraud. Defendants claim that plaintiff was in reality a payee due to the

close association between plaintiff and the television firm and that therefore they are entitled to avail themselves of the personal defenses available to the maker against a payee. This close association was attempted to be shown by the fact that plaintiff acquired title on the same date as the date of the sale of the television unit to defendants along with the exceptionally large discount coupled with plaintiff's admission that he had furnished the television firm with blank conditional sales contracts. This evidence is not sufficient in law to defeat plaintiff's claim as a holder in due course.[3]

In Palmer v. Associates Discount Corporation, 74 App.D.C. 386, 124 F.2d 225, it was held that plaintiff, who was the holder of the note, was closely associated with the payee under such circumstances as to overcome the presumption that plaintiff was a holder in due course. There, as here, the plaintiff had supplied the payee with the blank promissory note, but that form of note, unlike the one in this case, provided in large type which appeared on its face that payments were to be made to the plaintiff finance company. Another distinguishing factor in the Palmer case was that since no testimony had been offered as to the date of the purchase of the note by the finance company the evidence could have been construed to mean that it presented the note for payment as agent, which was refused, and then purchased the note subsequently. Under such circumstances, the court held that the finance company was not a holder in due course. In this case there was no such evidence.

 While breach of faith or such circumstances as amount to fraud or knowledge of an infirmity in a negotiable instrument may be established by circumstantial evidence, it has been well said that an endorsee's bad faith or fraud in acquiring a negotiable note can never be assumed but must be shown by clear and unequivocal testimony and mere suspicion is insufficient to upset the proof offered by a plaintiff

2. Code 1951, § 28–409; Bowles v. Marsh, D.C.Mun.App., 82 A.2d 135.

3. Code 1951, § 28–405; McDonald v. Stone, D.C.Mun.App., 86 A.2d 624; Fabrizio v. Anderson, D.C.Mun.App., 62 A.2d 314.

331

that he was a holder in due course.[4] It appears clear from defendants' evidence that they have a cause of action against the television firm, payee of the note. But we must hold that plaintiff established that it was a holder in due course of the note and hence that he took the instrument free from defenses available between the immediate parties.

Reversed with instructions to enter judgment for plaintiff.

---

4. Eastern Acceptance Corp. v. Henry, D.C. Mun.App., 62 A.2d 309.