Ethel SMITH, Plaintiff,

v.

ATLAS CONTRACTING COMPANY, a corporation,

and

Walter Galenski and T. J. Scheve, t/a Atlas Contracting Company, a corporation,

and

Ralph O. Weed

and

Jay A. Hough, Defendants.

Civ. A. No. 3049–62.

United States District Court
District of Columbia.

Nov. 13, 1964.

Reginald B. Jackson, Washington, D. C., for plaintiff.

Dennis Collins, Washington, D. C., for defendants Atlas Contracting Co., Inc., and Walter Galenski.

Herman Miller, Washington, D. C., for defendant T. J. Scheve.

KEECH, District Judge.

This is an action by the plaintiff (now in her own right) wherein she seeks a permanent injunction against the foreclosure of deed of trust, and cancellation of note and deed of trust, all relating to premises 1128 Abbey Place, N. E., Washington, D. C. A temporary restraining order and preliminary injunction were requested and obtained, conditioned on the filing of a $1,000 bond for the pay-

ment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

This matter grows out of a contract dated October 17, 1961, between Atlas Contracting Company, Inc. (by W. Galenski, representative) and Ethel Smith, owner of said premises. The contract, for the sum of $6,500, provides for certain work on the premises, to be performed by Atlas, and payment by Atlas of existing first trust note (dated August 9, 1948) on the premises and certain utility bills.

On October 18, 1961, plaintiff executed a promissory note payable to Atlas Contracting Company for the aforesaid sum, such note to bear interest at 6%, payable in installments of $60 per month commencing in November, 1961, and continuing with such payments each month thereafter until paid. The plaintiff executed a deed of trust in favor of Atlas Contracting Company to secure said note. The said note bears endorsement: "With recourse pay to the order of Theodore J. Scheve Atlas Contracting Co. by Walter W. Galenski".

The aforesaid note of the plaintiff dated August 9, 1948, which defendant Atlas Contracting Company agreed to pay off was in the face amount of $12,000 payable at the rate of $90 per month, and showed a balance of $3,458.26 due as of September 5, 1961. This note was paid off in full on May 17, 1962, at which time there was a balance of $3,071.24.

The record further shows that plaintiff made certain payments * on the note of August 9, 1948, after entering into the contract with Atlas on October 17, 1961. Defendant Galenski concedes that plaintiff is entitled to be reimbursed therefor. The record further shows that on November 10, 1961, the defendant Scheve purchased said note of $6,500, for cash in the amount of $5,300 (Defendants' Exhibit No. 6). Receipt for payment was dated November 10, 1961, and signed "Atlas Contracting Co. by W. Galenski".

At the outset it should be noted that the contract of October 17, 1961, was made on a form contract of Atlas Contracting Company, Inc., and was signed by W. Galenski as representative. The note and deed of trust executed by plaintiff were both in favor of Atlas Contracting Company. All three of these documents—contract, note and deed of trust (as well as note of August 9, 1948, the balance of which was paid by defendant Galenski as of May 17, 1962)—were signed by Ethel Smith only.

The record shows that the certificate of incorporation of Atlas Contracting Company, Inc., was revoked on September 9, 1957.

Plaintiff contends that in view of the revocation of the certificate of incorporation the contract of October 17, 1961, is void, and further that, the note and deed of trust being based on the alleged void contract, they too are void, and that the purchaser (Scheve) of the note may not recover thereon nor may a valid foreclosure be had.

Defendant Galenski acknowledges the fact that the certificate of incorporation of Atlas Contracting Company, Inc., had been cancelled prior to the Company's entering into the contract here involved, and that after such cancellation the name "Atlas Contracting Co., Inc." was used in the contract as well as in certain pleadings. Defendant Galenski attempted to explain such use by his inadvertent failure to strike "Inc." from old stationery of the corporation, and counsel for the defendant Galenski acknowledged that where, in pleadings, Atlas Contracting Company was referred to as a corporation or use was made of "Inc.", it was inadvertently done through lack of knowledge, on his part, of the revocation of the articles of incorporation of Atlas Contracting Company, Inc.

Defendant Scheve denies that the contract was void because made in the name of a corporation whose articles of incorporation had been revoked, and further denies that there was no consideration

---

* (aggregating $275)

for the note and deed of trust. Defendant Scheve also denies that plaintiff's husband was a necessary party to the contract. Defendant Scheve asserts that he is the holder, in due course, of the note; that there has been default thereon by the plaintiff; and that therefore he is entitled to proceed with foreclosure under the deed of trust and, further, to recover interest, cost of attempted former foreclosure which was cancelled at the request of plaintiff, and a reasonable attorney fee.

Defendant Galenski, for Atlas Contracting Company, contends that the mere fact that the contract was made by Atlas Contracting Company, Inc., did not render the contract void but only in law rendered him personally liable thereunder.

■ The court finds that the use of the corporate name after revocation of the certificate of incorporation did not render the contract void but made defendant Galenski personally responsible thereunder.

■■ There was introduced in this case the fact that, about a year after plaintiff entered into the contract and executed the note and deed of trust, she was adjudicated to be incompetent. Later, she was declared to be competent. There is no testimony before the court that, at the time important for the determination of this action, plaintiff was of unsound mind. During the critical period she was active with reference to the premises, holding conferences with her attorney and her real estate broker looking to refinancing. Absent any evidence of incompetency, the law presumes a person to be mentally competent. There being no evidence of incompetency as to the critical period in this case, plaintiff is presumed competent during such period.

The court therefore finds that at the critical times here involved plaintiff was competent to enter into the contract and to execute the note and deed of trust.

Plaintiff contends that the contract is ambiguous in that it fails to show cost of the repairs and painting and date of completion, and in that the payments were to begin "November, 1961". Plaintiff also contends that the work required by the contract was not completed and this without fault on her part. Plaintiff further contends that the reasonable value of the work in fact completed was approximately $400 or $500, not the difference between the balance on the 1948 note to be paid by defendant Galenski and the $6,500 fixed in the contract. Defendant Galenski, for the Atlas Contracting Company, claims completion of all of the work listed in the contract, and more, save for a few specified items which defendant Galenski agrees were not done (due to inability to get into the premises). The reasonable value for completing such specified items defendant Galenski fixed at $350. He asserts that he stands ready, willing and able to complete such items, and would have done so save for his inability to get into the premises, although he made several attempts to do so. In the alternative the defendant Galenski has offered to credit the plaintiff with this sum, as well as with payments made by plaintiff on her note of August 9, 1948, after execution of the contract of October 17, 1961. Plaintiff claims also that the contract, note and deed of trust are void for the reason that plaintiff was a married woman and her husband executed none of the documents under consideration. It is significant that neither the documents referred to by plaintiff in the course of the trial nor those now under consideration show the plaintiff husband to have been named in, or to have executed, any one of them.

Defendant Galenski, for Atlas Contracting Company, contends that he has complied with the contract to the extent permitted by plaintiff; that the work set forth in the contract (plus additional work for which he has not made a charge) has been completed save as to certain items the value of which he approximates at $350, which he concedes plaintiff is entitled to credit for unless defendant Atlas Contracting Company is permitted to complete the work.

Opposed to this was the testimony of the witness Logan, a real estate broker, who testified that from his observation of the work done by defendant Atlas Contracting Company this work was limited to plastering a part of two rooms, and that the reasonable cost thereof was between $400 and $500. This witness freely admitted on cross-examination that he did not examine the premises carefully and that he was in no position to say what items had been completed by defendant Atlas Contracting Company.

The court therefore has for determination whether defendant Atlas Contracting Company complied with the terms of the contract. The court finds that as to the requirement of payment of the balance due on the note of August 9, 1948, such payment was made on May 17, 1962; that as to payments made by plaintiff after execution of the contract, she is entitled to be reimbursed by the defendant Galenski; and that plaintiff is entitled also to have credit for the unfinished work conceded by defendant Galenski to be due to plaintiff, which the court finds to be in the amount of $350.

■ The court finds that there was substantial performance of the contract; that the work called for was in fact done save as to the aforementioned unfinished work which defendant Galenski was unable to do through inability to get into the premises.

■ The court finds that the contract of October 17, 1961, between Atlas Contracting Company, Inc., and Ethel Smith was not void, but valid as between W. Galenski and Ethel Smith; that said W. Galenski and Ethel Smith were competent parties; that the contract was not ambiguous; and that there was a valid consideration therefor.

■ The court, having found the contract not void, further concludes that, even if it were void as to plaintiff and defendant Galenski, under the facts in this case the defendant Scheve would be entitled to relief as the court finds him to be a holder in due course.

■■ Plaintiff contends that the purchase, for $5,300, of a $6,500 note is an item for consideration by the court in resolving the issues in the case. The existence of a large or even an unusually large discount, however, without more, does not establish that the purchaser is not a holder in due course. See Wilson v. Gorden, D.C.Mun.App., 91 A.2d 329 (1952). Furthermore, the present note calls for payment of only $60 per month, covering principal and interest, whereas the original note provided for $90 per month. The testimony in the case shows that this was not an unreasonable or shocking discount under all the circumstances. Assuming timely and regular payments, this loan would extend for a great period of time.

As to the claim of plaintiff against defendant Scheve, the court finds that said defendant was not, at any time critical to the determination of these proceedings, associated with the defendant Galenski or the Atlas Contracting Company, and, more specifically, that the defendant Scheve had nothing to do with the procurement of the contract or the work to be done thereunder.

The court finds: (a) that the note is complete and regular upon its face, (b) that defendant Scheve became holder of the note before it was overdue, (c) that defendant Scheve took the note in good faith and for value, and (d) that at the time the note was negotiated to him defendant Scheve had no notice of any infirmity in the instrument or defect in the title of the person negotiating the note. (Section 28–402, D.C.Code.)

This memorandum is in lieu of findings of fact and conclusions of law.

It is therefore, this 13th day of November, 1964,

Ordered that the preliminary injunction entered herein be and the same is hereby vacated, and that the defendant Scheve have judgment against plaintiff on his counter claim for $6,682.10, with interest at 6% on $6,500 from October 18, 1961, and on $182.10 (costs of foreclosure called off at request of plaintiff)

from October 2, 1962, and an attorney's fee of $200.

It is further ordered that the cross-claim of defendant Scheve against defendant Galenski for indemnity be, and the same is hereby, dismissed as moot in view of findings and conclusions of law hereinbefore set out in the principal action of plaintiff against defendant Galenski.

It is further ordered that the plaintiff have judgment against defendant Galenski for the respective sums of $275 and $350 found hereinbefore to be due plaintiff for payments made by plaintiff on original note after entry into contract of October 17, 1961, and for the value of the unfinished work contracted for by plaintiff, both aggregating $625.