**Arthur PURSELL and Marguerite B. Pursell, Appellants,**

v.

**Edward G. HADDAD, Appellee.**

**No. 5100.**

District of Columbia Court of Appeals.

Argued April 6, 1970.

Decided June 10, 1970.

John J. Spriggs, Jr., Washington, D.C., for appellants.

Stuart H. Robeson, Washington, D.C., with whom James B. Robeson, Washington, D.C., was on the brief, for appellee.

Before HOOD, Chief Judge, NEBEKER, Associate Judge, and QUINN, Associate Judge, Retired.

NEBEKER, Associate Judge.

This appeal is from a judgment in favor of payee-appellee suing for the balance due on a note received as consideration for the sale of asserted original antiques. The trial court, relying on the doctrine of *caveat emptor,* rejected appellants' defense and counterclaim that certain items were fraudulently and falsely described in quality and value, but allowed a set-off against the note for the value of certain items not delivered. We reverse and remand for a new trial.

The record reveals that appellants, novices in the field of antiques, responded to a newspaper advertisement listing such items for sale by appellee. In the course of negotiations, appellee, representing himself to be a museum curator, described the objects in minute detail and represented their value as originals. Appellants purchased some of the items in late August 1964, but left them with appellee until insurance could be procured. On October 21, 1964, because a bill of sale had not been supplied, appellants returned with their insurance agent for the purpose of obtaining the description and value of the purchased items.

At the same time appellee was completing a master schedule, detailing the purchased items exactly as described at the

---

date of sale with their value, appellants became interested in several "fine art" items which were purchased and added to the list. Appellee then prepared an abbreviated list itemizing all the "fine art" objects for insurance purposes.

Appellants diligently paid on an $8,300 note given in return for the items selected until March 1967, when it became apparent that some of the items would never be delivered. Concurrently, appellants had the delivered antiques appraised to determine their authenticity and value. The appraisers testified that these items were not originals as described but copies with little value. When payment ceased, appellee brought this action on the note.

The trial court did not decide the issue of fraud[1] although it found the items were consistently misdescribed and therefore their value misrepresented. The court held that the alleged value of the items was mere puffing and applied the doctrine of *caveat emptor* to deny recovery.

As a museum curator and an apparent expert, appellee may not avoid liability on the basis of the *caveat emptor* doctrine. This doctrine does not apply where, as here, appellee made statements of fact describing and representing the items to be originals when in fact they were copies.[2] Due to the fact that the trial court did not consider all elements of the asserted fraud in the description of the items and their value, we reverse and remand for a new trial.

So ordered.

1. It said it was "reluctant to impose * * * the stigma of fraud" on appellee.

2. Lester v. Superior Motor Car, Inc., 73 App.D.C. 171, 172, 117 F.2d 780, 781 (1941); Bailey v. Smith, 57 App.D.C. 369, 371, 23 F.2d 977, 979 (1928); Spargnapani v. Wright, D.C.Mun.App., 110 A.2d 82, 84–85 (1954).