Sam R. AUDSLEY, et al., Appellants,

v.

Vern C. ALLEN, et al., Respondents.

No. 71214.

Supreme Court of Missouri,
En Banc.

Aug. 1, 1989.

David A. Johnston, Craig A. VanMatre, Columbia, for appellants.

Larry M. Woods, Columbia, for respondents.

BLACKMAR, Chief Justice.

This court-tried case involves three series of transactions which may be summarized as follows:

(1) Respondents Wilhelm and Allen were indebted to respondent Centerre Bank of Columbia. By the spring of 1984 the balance of $142,000 was in default. The bank made inquiries about collection. Wilhelm and Allen wanted the bank to subordinate its first deed of trust lien on Cole County farm land in order to further a transaction with others, but the bank was unwilling to accommodate them without additional security.

(2) Wilhelm and Allen owned property in Columbia, Missouri, known as the "Valley Property". They sold limited partnership interests concerning this property to the appellant investors, receiving from them five separate promissory notes in negotiable form, executed separately by the investors, each in the amount of $30,000. The bank was advised of their efforts to sell limited partnership interests while the possible refinancing of their obligations was under discussion.

(3) Wilhelm and Allen arranged for the refinancing of their indebtedness to the bank, executing a refinancing note for $150,000. They delivered the investors' notes to the bank, properly endorsed, as collateral for their new note, under a pledge agreement. The bank subordinated the lien of its deed of trust on the farm land, as had been requested.

When the refinancing note fell into default in 1985 the bank notified the investors that it was looking to them for payment. They responded by filing suit against Wilhelm, Allen and the bank, charging that the transaction with Wilhelm and Allen had been procured by fraud and seeking rescission of the investment notes, a declaration that the bank could not enforce these notes, and conditional judgment against Wilhelm and Allen if held to pay the investment notes. The bank filed (1) a counterclaim against the plaintiff investors, seeking judgment on the investment notes, and (2) a cross-claim against Wilhelm and Allen, seeking judgment on the refinancing note.

The trial court, following a bench trial, entered judgment (1) in favor of the bank on its counterclaim against each investor for the outstanding principal balance and interest due on the several notes, (2) in favor of the bank on the cross-claim against Wilhelm for the outstanding bal-

ance of $112,000 plus interest on the refinancing note,[1] and (3) in favor of the investors and against Wilhelm and Allen for a money judgment in the amount of principal and interest on the investment notes.[2] The court modified this judgment on post-hearing motions by the investors and by Wilhelm, defining the respective rights of the investors on the one hand and Wilhelm and Allen on the other. This modification has been placed in question by supplemental briefing in a way which will be discussed later. Both the investors and Wilhelm filed notices of appeal but Wilhelm filed no brief in the court of appeals.

The court of appeals reversed, rejecting most of the appellants' arguments but concluding that the bank was not a holder in due course because it knew that the five investment notes had originated in a partnership transaction and that Wilhelm and Allen were using them as security for their personal obligations. We granted transfer because of the important questions of negotiable instrument law under the Uniform Commercial Code, and, taking the case as on initial appeal, now affirm the judgment of the circuit court, with a modification as to the respective obligations of the parties. We of course accept the evidence supportive of the judgment.

1. *The Bank as Holder in Due Course*

■ The trial court concluded that the investment notes were obtained by the fraud of Wilhelm and Allen, and so were not enforceable between the parties.[3] It held, however, that the bank was a holder in due course in accordance with the Uniform Commercial Code, § 400.3–302(1), RSMo 1986, and could enforce the notes it took as security. The investors argue that this ruling was legally erroneous.

Section 400.3–302(1) reads as follows:

(1) A holder in due course is a holder who takes the instrument

(a) for value; and

(b) in good faith; and

(c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

■ The investors contend that the bank was no more than an assignee of the notes, standing in the shoes of the payee-assignors, and not a holder. Even though the bank acquired these notes solely as collateral, not intending to enforce them unless the Wilhelm–Allen refinancing note went into default, the notes were properly endorsed and delivered so as to qualify the bank as a holder. Section 400.3–202(1), RSMo 1986. A pledgee may be a holder in due course. *Batson v. Peters*, 89 S.W.2d 46, 52 (Mo.1935); *Patterson v. Fitzgibbon Discount Corp.*, 339 S.W.2d 301, 306 (Mo. App.1960); § 400.3–302, V.A.M.S., Uniform Commercial Code comment 4 (1965).

■ Another requirement of being a holder in due course is that the holder take the instrument "for value." Section 400.3–302(1)(a). The value requirement is met when the holder provides the agreed consideration or takes the instrument in payment of or as security for an antecedent claim. Section 400.3–303(a), (b) RSMo 1986; § 400.3–303, V.A.M.S., Uniform Commercial Code comment 5 (1965); *Fitzgerald v. Barker*, 96 Mo. 661, 10 S.W. 45 (1888). The refinancing transaction meets this requirement.

■ The investors suggest that the bank should have the rights of a holder in due course only to the extent of $8,000, representing the "new money" in the Wilhelm–Allen refinancing in excess of the $142,000 of outstanding indebtedness. This argument, too, is unsound. It is true that a purchaser of a limited interest in an instrument, such as a pledgee in a security transaction, can be a holder in due course only to the extent of the interest purchased.

---

**1.** Allen defaulted on the petition and the cross-claim was not served on him.

**2.** This judgment is absolute in form, even though the petition sought only conditional relief.

**3.** This is the effect of the money judgment in favor of the appellant investors and against Wilhelm and Allen.

Section 400.3–302(4), RSMo 1986; § 400.3–302, V.A.M.S., Uniform Commercial Code comment 4 (1965). It would be error, however, to limit the bank's interest in the notes to the $8,000 of new money. The bank's interest in the notes includes the consolidation of Wilhelm and Allen's existing indebtedness into the refinancing agreement. The bank also subordinated its first deed of trust on the Cole County farm. Suffice it to say that the bank had an interest in the notes, limited only by the outstanding balance of principal and interest due on the refinancing note. It makes no difference, furthermore, that the total value of the collateral may exceed the balance due on the indebtedness. The bank is entitled to select the collateral it will proceed against.

■ The investors strongly argue that the bank had notice of infirmities in the investment notes sufficient to deny it status as a holder in due course, § 400.3–302(1)(c). Much of their argument seems to rely on evidence as to the knowledge of the responsible bank officer which the trial court did not have to accept. We of course take the evidence favorable to the judgment. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

*Taylor v. Atlas Security Co.*, 213 Mo. App. 282, 249 S.W. 746 (1923) is cited for the proposition that the bank, by reason of the discussions about the indebtedness of Wilhelm and Allen and their contemplated sale of limited partnership interests, should be considered a co-payee, rather than a holder, of the investment notes. The bank's knowledge that Wilhelm and Allen proposed to sell interests in property they owned did not impose a duty to inquire into the details of the transaction. *Taylor* is distinguishable, in that it involved an established course of dealing, in which all of an automobile dealer's commercial paper was immediately transferred to a finance company, so as to support a finding that the finance company was the effective payee. The transaction in this case is singular. The trial court was not obliged to accept the investors' contention.

The investors point out that Marshall Boyce, the bank's officer who acted in the premises, knew that Wilhelm and Allen had obtained the investment notes in exchange for limited partnership interests in the Valley Property. The court of appeals found that this knowledge was sufficient to deprive the bank of holder in due course status, holding that they had dealt personally with partnership property. The contention is flawed. Wilhelm and Allen were the owners of the Valley Property. If they chose to sell shares in the property, in the form of limited partnership interests or otherwise, they were perfectly entitled to retain the proceeds for themselves. The court was not obliged to find that the investment notes were partnership property. *See Ball v. Farley*, 81 Ala. 288, 1 So. 253 (1887). This is so whether the consideration is given in cash or in the form of negotiable instruments.

■ The investors suggest that the bank had a fiduciary obligation to them, requiring it to probe the details and fairness of the transaction underlying the investment notes. If we were to accept this contention we would reject the teachings of centuries, developed in the law merchant, the Negotiable Instruments Law (NIL), and the Uniform Commercial Code. Under this law a person who executes and delivers a negotiable instrument gives the payee the power to realize value on it by negotiating it to another, who is obliged to inquire only as to the genuineness of the instrument and the credit of the maker. The interests of commerce require that takers without notice of infirmities be able to accept the facial purport of negotiable instruments. Those who execute notes take the risk that there will be negotiation.

■ It is finally argued that the bank may not recover because it failed to take the steps required to accelerate the maturity of the notes. The filing of the counterclaim seeking full payment is wholly sufficient as notice of acceleration. *Spires v. Lawless*, 493 S.W.2d 65, 73 (Mo.App.1973); 10 C.J.S. Bills and Notes § 251 at 750–51 (1938); Annot., 5 A.L.R.2d 968, 975 (1949).

## 2. *Indemnification*

The trial court found that investors had defenses against the payees of the investment notes. It implemented this conclusion by giving the investors a money judgment against Wilhelm and Allen. The trial court, however, amended its judgment following the filing of post-trial motions [4] by including the following:

> Judgment entered October 21, 1987 is amended to add the following language: The judgment entered in favor of Defendant Centerre and against Plaintiffs shall be applied and credited against the judgment granted Defendant Centerre on its crossclaim against Kenneth P. Wilhelm and that upon complete satisfaction of the judgment vs Defendant Wilhelm, the judgments vs Plaintiffs shall be satisfied in full.
>
> The judgment entered in favor of Plaintiffs and against Defendant Wilhelm shall be applied and credited against Defendant Centerre's Counterclaim against Plaintiffs, and that upon complete satisfaction of Defendant Centerre's counterclaim vs. Plaintiffs, the judgment vs Defendant Wilhelm and in favor of Plaintiffs shall be satisfied. Plaintiffs oral motion to reduce bond is denied. In all other respects the judgments entered October 21, 1987 shall be in full force and effect.

The appellants point out that this language is contradictory. We agree. If the investors are liable on their notes only to a holder in due course, it would follow that they should be entitled to indemnification from the payees for the amounts they have to pay out.

Defendant Wilhelm does not dispute this proposition, but argues that we should not consider the point because the investors did not include it in their initial briefing. He also points to the trial court's denial of the investors' motion to modify the judgment "nunc pro tunc," filed while the case was pending in the court of appeals, and the appellants' failure to appeal from that order.

We conclude that the judgment should be modified. The post-modification judgment is clearly erroneous and operates to deprive the investors of the benefits of their judgment against Wilhelm and Allen. Rule 84.13(c) provides as follows:

> Plain errors affecting substantial rights may be considered on appeal in the discretion of the court though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

The application to the trial court for a nunc pro tunc order was made after the notices of appeal had been filed. The trial court then had no jurisdiction to enter any order in the case, because of the pendency of an appeal, and so the investors had no standing to appeal from the refusal to enter an order which would have been void. *Barney v. Suggs*, 688 S.W.2d 356, 358 (Mo. banc 1985). *And see* Rule 74.06(a).

We, however, stand fully possessed of the entire case, and are authorized by Rule 84.14 to enter the judgment the trial court should have entered.[5] The issue is tangential to the main issue. We believe that the interests of justice would be served by directing the amendment of the judgment. The appellants suggest language which we find appropriate, with minor modification, as follows:

> 1. In the event Defendant Wilhelm makes any payment to Defendant Centerre Bank in partial or complete satisfaction of the judgment entered against Defendant Wilhelm and in favor of Defendant Centerre Bank, then such payment or payments shall be considered as applying to and shall constitute credits against both the judgment in favor of Defendant Centerre Bank against Plain-

---

**4.** The amended judgment departed substantially from the relief requested by the investors and by Wilhelm.

**5.** Inasmuch as the judgment, as modified by the trial court, is internally inconsistent, it is very probably "irregular" and subject to modification under Rule 74.06(b). We see no need for protracted litigation over a matter that we can easily correct.

tiffs and the judgment in favor of Plaintiffs against Defendant Wilhelm.

2. In the event Defendants Allen make any payment to Defendant Centerre Bank in partial or complete satisfaction of the judgment entered against Defendants Allen and in favor of Defendant Centerre Bank, then such payment or payments shall be considered as applying to and shall constitute credits against both the judgment in favor of Defendant Centerre Bank against Plaintiffs and the judgment in favor of Plaintiffs against Defendants Allen.

3. In the event Plaintiffs make any payments in partial or complete satisfaction of the judgment entered in favor of Defendant Centerre Bank and against Plaintiffs with respect to Defendant Centerre Bank's counterclaim against Plaintiffs, then such payments shall be considered as applying to and shall be credited against Defendant Centerre's cross claim against Defendants Wilhelm and Allen. However, such payments shall not constitute credits or be applied against the judgment in favor of Plaintiffs and against Defendants Wilhelm and Allen.

4. Plaintiffs shall be entitled to indemnification from Defendants Wilhelm and Allen to the extent that Plaintiffs are required to satisfy the judgment granted in favor of Defendant Centerre and against Plaintiffs with respect to Defendant Centerre's counter-claim.

The judgment is modified by substituting the indemnity provisions last quoted for those objected to and, as so modified, is affirmed.

WELLIVER, ROBERTSON, RENDLEN, HIGGINS, JJ., and SIMON and HAMILTON, Special Judges, concur.

COVINGTON and BILLINGS, JJ., not sitting.