No. 23,890.

C. B. HART, *Appellant*, v. C. C. CORCORAN, *Appellee*.

SYLLABUS BY THE COURT.

SALE OF LAND—*No Delivery and Acceptance of Deed—Statute of Frauds*. The action was one by a person claiming to be the vendor of real estate, for the price. The defendant denied purchasing, and pleaded the statute of frauds and false representations. If the defendant's version of the negotiations, which were oral, were true, there was no sale, he was not obligated as the statute of frauds requires, and the defense of false representations became immaterial. The issues of fact were submitted to a jury, under correct instructions, and a general verdict was returned for the defendant. *Held*, the verdict is conclusive against the plaintiff.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed October 7, 1922. Affirmed.

*A. C. Malloy, R. C. Davis*, and *Warren H. White*, all of Hutchinson, for the appellant.

*E. T. Foote*, of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a vendor to recover the balance due of the price of real estate sold. The defendant denied purchasing, and took advantage of the action to sue the plaintiff on a promissory note. Judgment was rendered for the defendant, and the plaintiff appeals.

The real estate was situated in Delaware, Okla., and consisted of ground on which stood a cement-block store building. The plaintiff had not seen the property, and the defendant was not familiar with it, having simply ridden by it some years before negotiating with the plaintiff. About June 19, 1919, the plaintiff proposed a sale, representing the building to be occupied by a tenant who paid $17.50 per month rent, to be in good repair, and to be located next door to the post office in Delaware. The defendant was willing to buy on the proposed terms if the property were as represented, but said he would have to see it. The defendant testified he was about to go to Delaware, and the plaintiff gave him a deed and an abstract of title which he might use while in Oklahoma if he accepted the property. He had the privilege of accepting the property, but if he did not want it he was to return the papers. The defendant went to Oklahoma, and found the post office at Delaware had been removed to a

location four or five blocks from the building. The tenant had vacated the building and had left it in bad repair. The defendant declined to buy, and returned the deed and abstract.

The negotiations were oral, and the statute of frauds, which the defendant pleaded, forbade maintenance of an action for price unless a sale were consummated by delivery and acceptance of the deed as a present conveyance. If, as the defendant asserted, he had the privilege to inspect and reject the property, did so, and returned the deed, there could be no sale. If a sale were concluded, the defense of false representations was open to consideration. These subjects were presented to the jury by correct instructions, and the jury properly found for the defendant.

The plaintiff criticises the instruction relating to false representations as unsound because the instruction did not inform the jury that knowledge by the plaintiff of the untruthfulness of his statements was essential to liability. The criticism is itself unsound. (*Bice v. Nelson,* 105 Kan. 23, 180 Pac. 206, 181 Pac. 558.)

The plaintiff says his representation that the building was occupied by a tenant was true when made, the tenant having vacated afterward, and that the defendant refused to pay on the sole ground the building was not rented when he inspected it. The defendant testified he did not reject the property on the sole ground it was vacant. The subject is immaterial. The defense of false representations became important only in the event the deed was delivered and accepted as a present conveyance before the defendant went to Delaware. If the deed were not so delivered and accepted, there was no writing signed by the party to be charged, and he could refuse to purchase, for any reason or no reason, without liability. Presumably the jury determined the fact in accordance with the defendant's testimony.

The judgment of the district court is affirmed.