No. 24,934.

E. F. Pellette, *Appellee*, v. Mann Auto Company et al. (M. C. Mann, *Appellant*).

SYLLABUS BY THE COURT.

1. Sale of Automobile—*Testimony Competent and Responsive to Question.* Certain testimony in the record was competent and responsive to the question eliciting it, and no proper objection was lodged against it.

2. Same—*Value of Automobile—Demurrer to Evidence Properly Overruled.* In an action for the value of an automobile given as part payment for a new one, where the contract was rescinded for misrepresentations made by the vendor, the demurrer to plaintiff's evidence was properly overruled.

3. Same—*Motion for Directed Verdict Properly Denied.* Defendant's motion for a directed verdict was properly overruled.

4. Same—*False Representations—In Fact Unknown to be Untrue by Seller—Seller Liable for Damages.* "Where a seller makes positive representations to another in relation to a sale of property, and makes them as statements of facts, intending thereby to induce a purchase, and the purchaser buys the property in reliance upon the representations, which are in fact untrue, the . seller is liable for the damages sustained by the purchaser through the untruthful representations, although the seller may not have known that the representations were false when he made them, and although he may have had no intention to deceive the purchaser"—following *Bice v. Nelson*, 105 Kan. 23, 26, 180 Pac. 206, 181 Pac. 558; *Becker v. McKinnie*, 106 Kan. 426, 186 Pac. 496.

5. Same—*Instructions.* Instructions requested by defendant were properly refused.

6. Same—*Model of Car—Question of Fact for Jury.* The facts and circumstances disclosed by the record were sufficient to make it a jury question whether a later model of Dodge car was on the market at the time the litigants made the contract of purchase and exchange.

7. Same—*No Error in Overruling Defendant's Motions.* No error arose in overruling defendant's motions to set aside the verdict and to enter judgment for defendant on the special findings, nor in overruling motion for a new trial.

Appeal from Seward district court; Charles E. Vance, judge. Opinion filed May 10, 1924. Affirmed.

*G. L. Light,* and *F. O. Rindom,* both of Liberal, for the appellant.
*J. W. Davis,* of Greensburg, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This lawsuit arose over the purchase of a new Dodge automobile. The plaintiff gave the defendant his old Ford car as part pay. Plaintiff became dissatisfied with the new car, and charged defendant with misrepresenting it to him as the latest model when in fact it was a last year's model lacking several of the latest improvements. Plaintiff surrendered the new car to defendants, and demanded the return of his old one. This demand being refused, this action was brought for the value of the old car.

Jury trial; verdict, special findings, and judgment for plaintiff; defendant, M. C. Mann, appeals.

Twenty special findings of the jury disposed of several matters in controversy in the court below; those which may still require attention read:

"1. Did the defendants or either of them represent and state to the plaintiff that the Dodge sedan in question was the newest model sedan put out by Dodge Brothers? A. Yes. . . .

"3. Was said Dodge sedan the latest model sedan which had at the time said representations were made been actually turned out and placed upon the market by Dodge Brothers? A.. No.

"4. If you answer question No. 3, 'No,' then at what date was the later model actually placed upon the market for sale? A. June, 1921. . . .

"11. If your verdict is for the plaintiff what amount do you allow him for his Ford car? A. Seven hundred dollars ($700.00). . . .

"14. Did the Dodge car which was sold to plaintiff have all the modern improvements and appliances on it? . A. No.

"15. How long had the defendants had the sedan car in question at the time they sold it to plaintiff?  A.  From Oct. 8, 1920, to June 24, 1921.  . . .

"17. If you answer No. 3, 'No,' then did defendants have notice or knowledge of any change prior to the date of the exchange of cars between plaintiff and defendants?  A.  No."

Defendant first complains of the introduction of hearsay testimony, which pertains to information concerning the latest model of Dodge car which various dealers conveyed to plaintiff. It appears, however, no proper objection was lodged against this testimony, viz.:

[Counsel for defendants on cross-examination]: "Dr. Pellette, how did you know this car you saw in Hutchinson was a 1921 type of car?  A.  The Dodge dealers told me so."

[Counsel for defendants]: "We object to the question then, your honor, on the ground it is asking for a conclusion of the witness and hearsay."

It will be noted that, whether material or not, the question required an answer *how* the witness learned the fact. The answer was properly responsive to the question. And certainly the question did not call for a conclusion. Nor did the question invite a hearsay answer. Defendant's objection was to *his own* question, not to the answer of the witness.

It is next contended that defendant's demurrer to the evidence should have been sustained. Plaintiff's evidence tended clearly to show that he bargained for the latest model of a Dodge car, and that defendants delivered to him one of the preceding year's models. Defendant himself testified that he never sold nor intended to sell plaintiff the latest type of Dodge car. Defendant's testimony, in part, reads:

"Q. Answer this question. When the Mann Auto Company sold Dr. Pellette that Dodge sedan car which has been testified about here in this case, did you intend to sell him a car with the latest improvements on it or not?  A. There was never anything said about it.

"Q. When Dr. Pellette got back from Hutchinson you had a talk with him near your garage on the street?  A. Yes, sir.  . . .

"Q. He told you he found out at Dodge City and Hutchinson that you had not sold him the new type?  A. Yes, sir.

"Q. And you told him you would not do anything of the kind.  A. Of what kind?

"Q. That you would not get him any new car with all of the late improvements on it, didn't you?  . . .

"Q. You told him you would not do that?  A. Yes, sir.  . . .

"Q. You say now you told Dr. Pellette that he could have his car when the check was paid?  A. Yes, sir.  . . .

"Q. You don't mean a car of the latest type with all the modern improvements on it?  A. I never sold him such a car."

Under this same assignment of error, the point is also argued that plaintiff kept the car for seventeen days and drove it a thousand miles before he offered to return it.  But defendant's answer was a mere general denial, and it does not appear that this matter was urged upon the trial court's attention.  It is therefore unavailing on appeal.  The demurrer to the evidence was properly overruled.

. The third error pertains to the trial court's refusal to direct a verdict for defendant.  Because of the jury's finding No. 17, that the defendant did not know of any later model of Dodge car at the time he effected the bargain with plaintiff, defendant contends that he was entitled to an instructed verdict.  The correctness of this contention may properly be considered in connection with defendant's fourth assignment of error involved in the trial court's instruction, which read:

"You are further instructed that if the defendants made as positive representations of fact the representations alleged in the petition intending thereby to induce the plaintiff to make the exchange of cars, as in said petition alleged, that the plaintiff relied upon and believed such representations and was thereby induced to make the exchange, and that said representations so made were in fact untrue, then it is not material in this case whether said defendants knew said representations were false at the time they were made or not, but the making of such representations would constitute actionable fraud just the same as though the defendants had known they were false at the time they were made."

Defendant's particular complaint of this instruction is that it relieved the plaintiff of proving that defendant had knowingly made the false representation relating to the lateness of the model.  But what of it?  Plaintiffs often allege more than they can prove, but that does not necessarily lead to their defeat.  The jury's finding No. 17 acquits the defendant of the charge involved in the plaintiff's allegations that defendants had knowingly made the false and fraudulent statement that the car "was the newest and latest type or model, and had all the latest improvements and attachments." But finding No. 1 is just as potent as finding No. 17.  The representation was made.  It was relied on.  Because of plaintiff's reliance on that representation, he made the contract of purchase and exchange.  The defendant, without knowing the fact and merely to effect the exchange and make the bargain, represented the car to be the newest Dodge model.  Since the representation was untrue, he

is liable. In *Bice v. Nelson,* 105 Kan. 23, 26, 180 Pac. 206; 181 Pac. 558, it was said:

"In this state, false statements of fact, made by a seller to induce a sale and relied on by the buyer, are actionable, without regard to whether or not the seller knew the statements to be false, or acted recklessly in making them, or intended to deceive. (*Wickham v. Grant,* 28 Kan. 517; *Morrow v. Bonebrake,* 84 Kan. 724, 115 Pac. 585; *Westerman v. Corder,* 86 Kan. 239, 119 Pac. 868; *Maffet v. Schaar,* 89 Kan. 403, 131 Pac. 589; *Akins v. Holmes,* 89 Kan. 812, 820, 133 Pac. 849.)"

In *Becker v. McKinnie,* 106 Kan. 426, 186 Pac. 496, it was held:

"Where a seller makes positive representations to another in relation to a sale of property, and makes them as statements of facts, intending thereby to induce a purchase, and the purchaser buys the property in reliance upon the representations, which are in fact untrue, the seller is liable for the damages sustained by the purchaser through the untruthful representations, although the seller may not have known that the representations were false when he made them, and although he may have had no intention to deceive the purchaser." (Syl. ¶ 1.) To the same effect were, *Roome v. Petroleum Co.,* 111 Kan. 633, 208 Pac. 255; *Hart v. Corcoran,* 112 Kan. 21, 209 Pac. 984.)

It therefore follows that the motion for a directed verdict was properly overruled and the instruction complained of was correct.

Another error is founded on the trial court's refusal of certain instructions requested by defendant. These have been examined. They were framed on a theory of defense which was altogether inapplicable in this case—that plaintiff should have been held to a knowledge of any obvious faults in the new car, that plaintiff could not recover unless defendant knowingly made misrepresentations designed to cheat and defraud him, and that plaintiff had no means of detecting the fraud, and the like. This assignment of error is without merit.

Another contention of plaintiff is that there is no evidence to prove that the 1921 Dodge model was on the market before the bargain of exchange was effected by the litigants. The testimony is rather scant on that point, and it is largely circumstantial. The car was shipped to defendant on September 23, 1920, and had been on hand in defendant's wareroom since October, 1920, and the trade was not effected until about June 24, 1921. On July 1 plaintiff drove the car to Dodge City where he learned from a Dodge dealer that it was not the latest model. Dodge dealers in Hutchinson and Pratt on whom he called within the next few days gave him the same information. They appeared to be familiar with a newer model than

The State, *ex rel.*, v. Irey.

the one traded to plaintiff. One of these dealers had the later model on display. So the fact was developed not from any specific testimony but from the circumstances as a whole. This court cannot say that the answer to special question No. 4 must necessarily be supplemented by a date in June later than the date of the contract of exchange, nor that the evidence failed to show that the car sold to plaintiff on June 24 was not the latest model.

The court discerns no basis for the contention that the general verdict should have been set aside and a judgment entered for defendant on the special findings. Nor can error be discerned in overruling the motion for a new trial.

No prejudicial error in the record is apparent, and the judgment is therefore affirmed.