Dangerous Conditions Known to or Discoverable by Possessor

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

Taken together, these provisions impose upon a landowner the duty to the independent contractor and his employees "to maintain the premises in a reasonably safe condition and to warn them of defects of which he knows or has reason to know." *Seeney v. Dover Country Club Apartments, Inc.*, 318 A.2d 619, 622 (Del.Super. 1974) (citations omitted). *See also Moloso, supra* at 219.[7]

Landowner liability is limited, however, by § 343A. Subsection (1) provides:

A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

■ This exception extends to situations where the independent contractor and the landowner are equally knowledgeable of the dangerous conditions, or "where the defective conditions are created by the work of the independent contractor or his employees." *Seeney, supra* at 623; *See also Crane v. I.T.E. Circuit Breaker Co.*, 443 Pa. 442, 278 A.2d 362, 364 (1971). We find this dispositive.

■ In the instant action, it is uncontroverted that the dangerous condition was

created by the work of Litwin and its employees. Litwin's supervisors controlled the stacking of the installation as well as Hood's activities in carrying the insulation to the work crew. (*See* Aff., R. Bailes). Hood has failed to produce a shred of evidence to contradict Litwin's control of the project. Consequently, we must exonerate HOVIC under § 343A. *See Celotex, supra*, 106 S.Ct. at 2553. Accordingly, HOVIC's motion must be granted with respect to the theory of landowner's liability.

## III. CONCLUSION

In accordance with the foregoing, we hold that the above-captioned matter shall be dismissed with prejudice.

**R. Stockton RUSH, III, Plaintiff,**

v.

**OPPENHEIMER & CO., INC., and Scott Seskis, Defendants.**

**No. 84 Civ. 3219 (RWS).**

United States District Court, S.D. New York.

Dec. 23, 1986.

7. In *Hurst v. Triad Shipping Co.*, 554 F.2d 1237 (3d Cir.1977), the Third Circuit refused to allow employees of an independent contractor-stevedore to recover under § 343 *et. seq.*, where the activities of employers vis-a-vis independent contractors are the subject of an action under Chapter 15 of the *Restatement. Id.* at 1249–1250 n. 35. That case is distinguishable because it arose in the maritime context. *Id.* Moreover,

the activities of stevedores are governed by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–50 (1970), which established congressional policy to relieve shipowners from liability arising out of the activities of independent contractors such as stevedores. *Id.* at 1250. These considerations are clearly inapplicable in a simple tort suit.

Christopher Lovell, P.C., New York City, for plaintiff, Christopher Lovell, of counsel.

Gold, Farrell & Marks, New York City, for defendants, Martin R. Gold, Robert P. Mulvey, of counsel.

## MEMORANDUM OPINION

SWEET, District Judge.

Defendants Oppenheimer & Co., Inc. ("Oppenheimer") and Scott Seskis ("Seskis") have moved for an order granting summary judgment on the preliminary issue of fraudulent inducement of an arbitration clause or, in the alternative, for an order directing that the issue of fraudulent inducement and the merits of the action be tried before separate juries. For the reasons stated below, both motions are denied.

In its opinion of June 25, 1986, 638 F.Supp. 872, this court concluded that a question of fact existed as to whether the plaintiff, R. Stockton Rush III ("Rush"), was fraudulently induced to enter an arbitration agreement with Oppenheimer based upon the statement by Seskis that he told Rush to read carefully before signing all documents required to transfer his account to Oppenheimer. Rush testified that he was told that there was no need to read the documents because they were merely a routine formality to open the account.

In connection with the present motion, Seskis has submitted an affidavit stating that he was unaware of the existence of the arbitration clause and did not know the import of such clauses. Thus, he argues, he lacked the requisite knowledge necessary to intentionally mislead Rush with respect to the consequences of arbitration.

■ First of all, scienter is not necessary to make a contract induced by a misrepresentation voidable; so long as the misrepresentation is material, an unknowing misstatement constitutes grounds for revocation or rescission. *See* Restatement (Second) of Contracts § 164 (1981).[1] A factual

---

1. Section 2 of the United States Arbitration Act, 9 U.S.C. § 2, preserves "such grounds as exist at law or in equity for the revocation of any contract." The Supreme Court has recently noted

question therefore exists as to 1) whether the alleged misstatement was material, 2) whether it induced Rush to make the contract, and 3) whether Rush was justified in relying on the misrepresentation. *See* Restatement (Second) of Contracts § 164 comment a (1981).

■ While Rush has not submitted any evidence that Seskis did in fact know of the existence of the arbitration clause, Seskis was acting as agent for Oppenheimer, which did know the content of its form documents, including the arbitration clause. A factual issue exists as to whether Oppenheimer had the scienter required for a finding of fraudulent inducement.

■ As an alternative to summary judgment, Seskis and Oppenheimer argue that the arbitration clause issue should not be tried to the same jury impanelled to hear the federal securities and common law claims. Fed.R.Civ.P. 42(b) provides that:

> (b) Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

This court does not conclude that Seskis and Oppenheimer will be unduly prejudiced if the same jury hears allegations that Seskis fraudulently induced Rush to sign an arbitration agreement. The additional interest espoused in Rule 42(b) of "convenience" and "expedition and economy" weighs against the delay and cost of impanelling two juries and hearing testimony from Seskis and Rush before both.

■ Oppenheimer and Seskis further request that, should the jury decide that the arbitration clause was fraudulently in-

the applicability of § 2 in the context of defenses to arbitration agreements. *See Dean Witter*

duced, they be afforded an opportunity to appeal before the entire case is submitted to the jury. In the interests of convenience and economy, that request is denied.

IT IS SO ORDERED.

*v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985).