**R. Stockton RUSH, III, Plaintiff,**

v.

**OPPENHEIMER & CO., INC., and Scott Seskis, Defendants.**

**No. 84 Civ. 3219 (RWS).**

United States District Court, S.D. New York.

Sept. 18, 1987.

Christopher Lovell, P.C., New York City by Christopher Lovell, of counsel, for plaintiff.

Gold, Farrell & Marks, New York City by Martin R. Gold, Robert P. Mulvey, of counsel, for defendants.

## MEMORANDUM OPINION

SWEET, District Judge.

Defendants Oppenheimer & Co., Inc. ("Oppenheimer") and Scott Seskis ("Seskis") have moved for an order compelling the arbitration of plaintiff R. Stockton Rush's III ("Rush") federal securities claims and related claims and staying this action pursuant to Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3 and 4. The motion is denied.

### Prior Proceedings

The opinion of June 25, 1986, 638 F.Supp. 872, in this action held that a question of fact existed as to whether Rush was fraudulently induced to enter an arbitration agreement with Oppenheimer. Seskis had alleged that he told Rush to read carefully before signing all documents required to transfer his account to Oppenheimer. Rush testified that he was told that there was no need to read the documents because they were merely a routine formality to open the account. Accordingly, a bifurcated trial of the arbitration issue and of the merits was ordered to resolve first the validity of the arbitration agreement and then the merits.

The December 23, 1986 opinion, 650 F.Supp. 682, denied defendants' subsequent motion for summary judgment on the preliminary issue of fraudulent inducement of

the arbitration clause holding that factual issues exist as to "1) whether the alleged misstatement was material, 2) whether it induced Rush to make the contract, and 3) whether Rush was justified in relying on the misrepresentation." *Memorandum Opinion* dated December 23, 1986, 650 F.Supp. at 684.

Following *Shearson/American Express v. McMahon,* —— U.S. ——, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), the defendants made the instant motion seeking to stay this action and proceed to arbitration. In *McMahon,* the Supreme Court reversed the determination in this Circuit and held that claims under § 10(b) of the Securities Exchange Act of 1934 are arbitrable under pre-dispute arbitration agreements. The Court rejected the McMahons' argument that Congress intended § 10(b) claims to require a judicial forum and explained that an agreement to submit to arbitration is not tantamount to an impermissible waiver of substantive rights under the 1934 Act. *Id.* 107 S.Ct. at 2341–42. The decision was based in part on the recognition that arbitral tribunals are "readily capable of handling the factual and legal complexities" of certain statutory claims "notwithstanding the absence of judicial instruction and supervision." *Id.* at 2340.

According to the defendants, *McMahon* has eliminated the basis for this court's June 25, 1986 decision, 638 F.Supp. 872, ordering a preliminary hearing before a jury on Rush's claim that he was fraudulently induced into signing the arbitration agreement of November 30, 1982. In *McMahon,* however, the Court reiterated its belief, expressed in prior opinions, that the Federal Arbitration Act was intended to place arbitration agreements on equal footing with other contracts. *Id.* at 2337 (citing *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974)). Thus, the Arbitration Act expressly provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Court has construed § 2 to mean that "[a]bsent a well-founded claim that an arbitration

agreement resulted from the sort of fraud or excessive economic power that 'would provide grounds for the revocation of any contract,'" agreements to arbitrate statutory claims should not be disfavored. *Id.* 107 S.Ct. at 2337 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 627, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)).

As the June 25 opinion stated, a district court retains jurisdiction with respect to claims that raise issues as to the making of the arbitration agreement itself. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 402, 87 S.Ct. 1801, 1805, 18 L.Ed.2d 1270 (1967); *Robert Lawrence Co. v. Devonshire Fabrics, Inc.,* 271 F.2d 402 (2d Cir.1959); *Shamir v. Kidder, Peabody & Co.,* No. 84 Civ. 0179, slip op. (S.D.N.Y. Mar. 12, 1986); [Available on WESTLAW, DCT database]; *Leone v. Advest, Inc.,* 624 F.Supp. 297, 301 (S.D.N.Y. 1985). Nothing in *McMahon* indicates an intent to part from this well-established rule.

Defendants have cited this Circuit's opinion in *Zerman v. Ball,* 735 F.2d 15 (2d Cir.1984), for the proposition that, as a matter of law, a brokerage customer cannot escape the obligations of a contract by claims that the signing of the document was treated in a routine, casual manner. Apart from the fact that the fraudulent inducement claim in *Zerman* focused on a margin agreement, whereas here the allegation is directed at the arbitration clause itself, the plaintiff's claims in *Zerman* lacked the particularity of those that Rush asserts. Rush contends that Seskis made a material misrepresentation—that the agreement was merely a formality to open the account and need not be read—that induced Rush to sign. The plaintiff in *Zerman* merely stated that she had signed without reading a contract that her broker had asked her to sign. *Id.* at 19. Although the question may be close, the specific representation alleged here distinguishes *Zerman.*

Resolution of Rush's non-arbitrable claim with respect to the arbitration clause will determine whether his federal and common

law claims are to be presented to a jury or an arbitral tribunal following that resolution. Therefore, defendants' motion having been denied, the parties are instructed to submit a pretrial order by October 16, 1987 on the arbitration clause issue. In the event it is decided in favor of the plaintiff, a suitable recess will be granted to permit the parties to submit a further pretrial order with respect to the issues remaining to be tried. To require such an order prior to the resolution of the arbitration issue would deny the parties certain of the benefits of that agreement.

IT IS SO ORDERED.