**GREEN CONSTRUCTION COMPANY,**
Plaintiff, Third–Party Plaintiff,

v.

**KANSAS POWER AND LIGHT
COMPANY, Defendant,**

v.

**SEABOARD SURETY COMPANY and**
Green Holdings, Inc., Counterclaim
Defendants.

Civ. A. No. 87–2070–S.

United States District Court,
D. Kansas.

March 5, 1990.

Dale R. Martin, Barokas & Martin, Seattle, Wash., and Patrick E. Hartigan, Hartigan & Yanda, P.C., Kansas City, Mo., for plaintiff, third-party plaintiff.

F.B.W. McCollum, Spencer, Fane, Britt & Browne, Kansas City, Mo., J. Nick Badgerow, Overland Park, Kan., and Camille .Q. Bradford, Topeka, Kan., for defendant.

Bernard L. Balkin and Keith Witten, Sandler, Balkin, Hellman & Weinstein, Kansas City, Mo., for counterclaim defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's motion for reconsideration of this court's June 22, 1989, Memorandum and Order. Also before the court is plaintiff's motion for partial summary judgment on two of defendant's counterclaims, and counterclaim-defendant Seaboard Surety Company's motion for a protective order.

### A. Plaintiff's Motion For Reconsideration.

On June 22, 1989, this court granted defendant's motion for partial summary judgment on plaintiff's claims for additional compensation in the amount of $1,991,-992.84. Plaintiff asserted three theories of recovery: constructive change in the contract, breach of implied warranties, and misrepresentation. In the June 22, 1989, Memorandum and Order, the court stated that it would be receptive of a motion to reconsider summary judgment on plaintiff's misrepresentation claim if plaintiff could show evidence of defendant Kansas Power and Light (KPL)'s knowledge of the falsity or inaccuracy of the geotechnical reports it had provided to prospective bidders. The factual background of this case is fully set forth in our June 22, 1989, Memorandum and Order, which is reported at 717 F.Supp. 738 (D.Kan.1989).

First, plaintiff contends that the court was wrong in requiring plaintiff to present evidence which would show knowledge of the misrepresentation. Plaintiff argues that scienter is not an essential element of a misrepresentation claim. Since plaintiff is seeking damages at law, the court assumed plaintiff was asserting a claim for fraudulent misrepresentation. An essential element of fraudulent misrepresentation is that defendant knew the statements were untrue or recklessly made them with disregard of their truth or falsity. *See Goff v. American Savings Association of Kansas*, 1 Kan.App.2d 75, 78, 561 P.2d 897, 901 (1977).

In the present motion for reconsideration, plaintiff argues that it is asserting a claim of misrepresentation without fraud, sometimes called "innocent misrepresentation." Plaintiff argues that proof of defendant's knowledge or reckless disregard for the truth is not required.

The majority of courts addressing the issue of innocent misrepresentation, in the context of contract law, find that such a claim can be maintained only for equitable relief, such as recision or reformation of the contract, or may serve as a defense to a breach of contract action. *See*

*Rush v. Oppenheimer and Co.,* 650 F.Supp. 682, 683 (S.D.N.Y.1986) ("scienter is not necessary to make a contract induced by a misrepresentation voidable;" a misrepresentation constitutes grounds for revocation or recision.) (citing Restatement (Second) of Contracts, § 164 (1981)); *Allen v. Weinberger,* 546 F.Supp. 455, 458 (E.D. Mo.1982) ("When a contract has been procured by misrepresentation even if innocently and non-negligently made, the injured party may rescind the agreement."). Innocent misrepresentation, however, can not be the basis of an affirmative claim for money damages. *See generally* 17 CJS, *Contracts,* §§ 147, 152. This court believes Kansas courts would follow this well established pronouncement of the law if ever required to address this specific issue.[1]

■ Based on the above stated law and the facts as established in the court's earlier memorandum and order, the court finds that plaintiff has presented sufficient evidence to assert a claim for equitable relief, such as recision or reformation or setoff. However, plaintiff's complaint seeks additional compensation, *i.e.,* money damages. To recover such damages, plaintiff must show more than innocent misrepresentation and must meet the elements of fraud.[2]

■ Alternatively, plaintiff claims that it can assert a claim of fraudulent misrepresentation because it can show that defendant KPL had knowledge of the significant moisture content in the area used to construct the Auxiliary Make–Up Lake and failed to disclose this fact to the prospective bidders on the project. In our earlier memorandum and order, we invited reconsideration of our decision to grant summa-

ry judgment for defendant on plaintiff's misrepresentation claim if plaintiff could come forward with sufficient evidence to raise a question of fact regarding defendant's knowledge of the soil condition and its moisture content.[3]

In support of the present motion, plaintiff offers selected portions of deposition testimony. First, plaintiff presents the testimony of an expert, Verne Dow, who stated that the method of geotechnical testing conducted by defendant and the results which were furnished to bidders were inaccurate and misleading. Secondly, during the pendency of the summary judgment motion, plaintiff took the depositions of the individuals responsible for drilling the tests pits and boring holes and for recording the information. These depositions, arguably, could show that standard practices in this field for gathering and recording information on subsurface conditions were not followed. Most significantly, in support of the present motion, plaintiff offers the Affidavit of Kenneth D. Henry. Mr. Henry was employed by J.A. Tobin Construction Company, the contractor for the Make–Up Lake Dam and the bottom Ash Dam from 1977 through 1979. Mr. Henry states that prior to KPL's invitation of bids on the Auxiliary Make–Up Dam (the subject of the present suit), Tobin informed KPL of the inherently wet and unsuitable subsurface condition of borrow areas near those which were to be utilized by the successful bidder in the Auxiliary Make–Up Dam project. Finally, plaintiff presents other evidence that could possibly support the conclusion that KPL was aware of the subsurface conditions in the areas to be used in the

---

1. The Kansas case law relied on by plaintiff supports the proposition that knowledge of the defendant need not be shown if the misrepresentation was made to induce a plaintiff to part with property. Thus an action for damages is allowed only in the context of inducing a sale. *See Topinka v. American Eagle Fire Ins.,* 167 Kan. 181, 205 P.2d 991 (1949); *Dodd v. Boles,* 137 Kan. 600, 21 P.2d 364 (1933); *Pellette v. Mann Auto Co.,* 116 Kan. 16, 225 P. 1067 (1924).

2. Also, plaintiff cannot be seeking recovery under negligent misrepresentation, for plaintiff's damages are purely economic. It is well settled in Kansas that a negligence claim will not lie

for the recovery of purely pecuniary losses. *Owens–Corning Fiberglas v. Sonic Development Corp.,* 546 F.Supp. 533, 541–42 (D.Kan.1982).

3. In the June 22, 1989, Memorandum and Order, we found that plaintiff presented sufficient evidence to raise an issue of fact about whether plaintiff justifiably relied on the information provided to bidders by defendant. We also found, however, that plaintiff presented no evidence that defendant had knowledge of the actual subsurface conditions or that the information provided to bidders was inaccurate. *Green v. Kansas Power & Light,* 717 F.Supp. 738, 743–44 (D.Kan.1989).

Auxiliary Make–Up Dam project prior to the invitation of bids.

The court finds that the evidence offered by plaintiff in support of the present motion is sufficient to raise a question of fact about whether KPL had knowledge of the wet condition of the soil to be used in the Auxiliary Make–Up Dam project and whether KPL failed to disclose this fact to bidders. Therefore, the court will grant the motion for reconsideration and will allow plaintiff to proceed with its claim based on misrepresentation.

Next, plaintiff seeks reconsideration of the court's decision granting summary judgment in favor of defendant on plaintiff's claim based on the theories of breach of implied warranty and constructive change in the contract terms. In this motion, Green basically reasserts the same arguments previously presented to and addressed by the court in the June 22, 1989, Memorandum and Order. We reaffirm our findings and rulings in that memorandum and order regarding plaintiff's breach of warranty claim and claim based on constructive change. Thus, plaintiff's present motion with regard to those claims will be denied.

### B. Plaintiff's Motion For Partial Summary Judgment.

■ Also before the court is plaintiff's motion for summary judgment filed on April 13, 1989. In that motion plaintiff argues that summary judgment should be granted against defendant on defendant's counterclaims based on strict liability and negligence. Plaintiff argues that these counterclaims cannot be asserted because defendant seeks only economic damages and such causes of action are not actionable to recover purely economic damages. Defendant has never responded to this motion. Therefore, the court will treat the motion as uncontested and will grant the motion. *See* D.Kan. Rule 206(g). Moreover, the court finds the merits of plaintiff's arguments provide further support for granting the motion. As this court has thoroughly set forth in our decision in *Hinz v. Elanco,* 1988 U.S. Dist. LEXIS 10433 (D.Kan.1988), a party may not seek purely economic damages under a strict liability or a negligence theory. *See also Wight v. Agristor Leasing,* 652 F.Supp. 1000, 1017 (D.Kan.1987) and *Owens–Corning Fiberglas v. Sonic Development Corp.,* 546 F.Supp. 533, 541–42 (D.Kan.1982).

### C. Green Holdings' Motion To Stay Discovery.

Also before the court is the motion of counterclaim-defendant Green Holdings, Inc. for an order staying all discovery in this case. This request was made so that Green Holdings' counsel could familiarize themselves with the record in the case. The court finds the motion is now moot, for Green Holdings sought a stay until January 31, 1990, a date which has past. Furthermore, the court does not feel any further delay is called for in this nearly three year old case. Accordingly, the court will deny Green Holdings' request for a stay.

### D. Seaboard Surety Company's Motion For Protective Order.

Finally before the court is a motion for protective order filed by counterclaim-defendant Seaboard Surety Company (Seaboard). Seaboard seeks an order protecting it from further discovery contrary to the August 21, 1989, Pretrial Order, or in the alternative, an order limiting the scope of discovery directed to Seaboard. Paragraph 9 of the Pretrial Order states:

All discovery is complete except for the depositions of each party's expert witnesses and fact witnesses of Seaboard Surety Company. Discovery is to be completed by December 31, 1989.

On October 3, 1989, defendant-counterclaimant KPL served Seaboard with a second set of interrogatories and a second request for production of documents. Seaboard's counsel objected to KPL's counsel, citing the Pretrial Order. On October 31, 1989, KPL withdrew all discovery served and sent a deposition notice duces tecum. The deposition notice, pursuant to Fed.R. Civ.P. 30(b)(6), requested that Seaboard designate and present persons to testify on its behalf regarding certain listed matters, many similar to the matters and documents

listed in the October 3, 1989, discovery requests.

 Seaboard now seeks an order prohibiting the discovery requests connected with the deposition notice, or alternatively, an order limiting the scope of the discovery. Seaboard argues that the Pretrial Order prevents all discovery except the deposition of Seaboard's fact witnesses and that the use of the deposition notice duces tecum is an attempt to get around the closed discovery. After thoroughly reviewing the pleadings, the court makes the following findings:

1. The Pretrial Order does not prevent KPL from issuing a deposition notice duces tecum pursuant to Fed. R. Civ. P. 30(b)(6). Deposing Seaboard's fact witnesses is allowed in the order and it is reasonable that the deposition notice would request that the witnesses prepare for responses regarding certain matters of examination.

2. The request for the production of Seaboard's reassurance file on the bond is not relevant to the present litigation. Therefore, KPL's request is limited as to matters of reinsurance and Seaboard is not required to produce material regarding reinsurance.

3. KPL's request for responses at the depositions on Seaboard's policies and procedures on setting reserves for construction performance bonds is also not relevant, at this time. Therefore, Seaboard is not required to respond or produce materials on this matter.

4. Seaboard objects to KPL's request for "all Seaboard's bond forms for construction performance bonds in use for the years 1983 through the present." Seaboard contends the forms are not relevant. KPL contends that since Seaboard raises the defense of lack of proper notice, an issue of contract interpretation is involved and thus the forms are relevant. Given the broad nature of relevancy for discovery purposes, the court finds that these forms are relevant for discovery. Thus, the court denies Seaboard's request for an order limiting discovery on this matter.

5. Seaboard next objects to KPL's requests in the deposition notice that Seaboard respond to matters regarding the histories of other claims on construction performance bonds handled by Seaboard since 1983, to which Seaboard raised a defense of lack of notice. Seaboard also objects to inquiry into its policies and procedures on claims made on all-risk or other insurance coverage available to obligees or principals under construction performance bonds.

Seaboard asserts that these requests are burdensome and oppressive and that a great amount of labor time would be required to adequately respond. Also, Seaboard argues that the claim histories are not relevant. KPL argues that they are relevant because of Seaboard's defense that KPL failed to give proper notice of a claim and that it was thereby prejudiced.

The critical evaluation that the court should make when dealing with a discovery request involving insurance claim histories is whether the need for the information, considering its relevancy and the nature of the case, outweighs the burden of the request. *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 124 (M.D.N.C.1989) (citing Fed.R.Civ.P. 26(b)(1)).

The court finds that the representation of Seaboard about the large amount of labor time it would be required to spend to comply with the request shows that the request would place a great burden on Seaboard. Seaboard asserts that nearly 62,400 bond claims have been filed since 1983. Seaboard further asserts that it does not have an index or filing code system for the claims. Therefore, retrieval of the requested claims would require physical examination of all claims filed. Although KPL has demonstrated the claims histories may have some relevance, the relevancy is outweighed by the burden the request places on Seaboard. The court finds that KPL's requests for response regarding histories of other claims should be denied, especially in light of the fact that KPL has had an ample opportunity, earlier in this litigation, to discover this information. *See* Fed.R.Civ.P. 26(b)(1)(ii).

Accordingly, the court will grant Seaboard's request for an protective order regarding KPL's requests on the histories of other claims.

6. Finally, Seaboard seeks an order preventing KPL from inquiring at the deposition of matters set forth in paragraphs 2, 4, 15, 16, 17, 18, 19, 21 of the deposition notice and prohibiting the production of items 3 and 7 listed in the exhibit attached to the deposition notice. These matters concern various policies and procedures used by Seaboard in handling claims filed on construction performance bonds. Seaboard argues that these matters have no relevancy to the present litigation. The court finds that KPL has presented an adequate showing of relevancy, for discovery purposes. Thus, Seaboard's motion in regard to these matters must be denied.

For the reasons discussed in the above findings, Seaboard's motion for protective order will be granted in part and denied in part.

IT IS BY THIS COURT THEREFORE ORDERED that plaintiff's motion for reconsideration of this court's June 22, 1989, Memorandum and Order is granted in part and denied in part, as more fully set forth in the above memorandum.

IT IS FURTHER ORDERED that plaintiff's motion for partial summary judgment is granted.

IT IS FURTHER ORDERED that the motion of counterclaim-defendant Green Holdings, Inc. for a stay of discovery is denied.

IT IS FURTHER ORDERED that the motion of Seaboard Surety for a protective order is granted in part and denied in part, as more fully set forth in the above memorandum.

IT IS FURTHER ORDERED that the trial of this case is hereby specially set to commence on July 31, 1990, 10:00 a.m. in Courtroom 403 of the Federal Building in Topeka, Kansas.