Paul RODRIGUEZ, M.D. and Regional Radiology Services, Chartered, Plaintiffs,

v.

ECRI SHARED SERVICES, ECRI and ECRI Laboratories, Defendants.

No. CIV.A. 95–1009–DES.

United States District Court, D. Kansas.

Oct. 28, 1997.

Albert L. Kamas, Johnie C. Frank, Render, Kamas & Hammond, Wichita, KS, for Plaintiffs.

Bryce A. Abbott, Hershberger, Patterson, Jones & Roth, Wichita, KS, for Defendants ECRI Shared Services, ECRI Laboratories.

Edward L. Keeley, Bryce A. Abbott, Hershberger, Patterson, Jones & Roth, Wichita, KS, for Defendant ECRI.

James Z. Hernandez, Woodard, Blaylock, Hernandez, Roth & Day, Wichita, KS, for Movant Garden Medical Clinic PA.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant ECRI's Motion for Summary Judgment (Doc. 71). For the reasons set forth below, defendant's motion is granted.

## I. BACKGROUND

This case arises from a business controversy over radiology services at St. Catherine Hospital ("St.Catherine") of Garden City, Kansas. Paul Rodriguez, a physician certified in radiology, owns Regional Radiology Services, Inc. ("Regional Radiology"), a corporation which provided computerized tomography and magnetic resonance imaging for St. Catherine. Regional Radiology employed Peter Triolo, a physician who also specializes in radiology.

In the early 1990s, St. Catherine began to reevaluate its relationship with Regional Radiology and hired ECRI as a consultant to that evaluation. Ultimately, when St. Catherine stopped using the radiology services of Regional Radiology, this law suit resulted.

Additional facts are set forth as needed throughout the court's discussion.

## II. SUMMARY JUDGMENT STANDARD

A court shall render summary judgment upon a showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The rule provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The substantive law identifies which facts are material. *Id.* at 248, 106 S.Ct. at 2510. A dispute over a material fact is genuine when the evidence is such that a reasonable jury could find for the nonmovant. *Id.* "Only disputes over facts that might properly affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

The movant has the initial burden of showing the absence of a genuine issue of material fact. *Shapolia v. Los Alamos National Lab.*, 992 F.2d 1033, 1036 (10th Cir.1993). The movant may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The movant need not negate the nonmovant's claim. *Id.* at 323, 106 S.Ct. at 2552–53.

Once the movant makes a properly supported motion, the nonmovant must do more than merely show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986). The nonmovant must go beyond the pleadings and, by affidavits or depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (interpreting Fed.R.Civ.P. 56(e)). Rule 56(c) requires the court to enter summary judgment against a nonmovant who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof. *Id.* at 322, 106 S.Ct. at 2552. Such a complete failure of proof on an essential element of the nonmovant's case renders all other facts immaterial. *Id.* at 323, 106 S.Ct. at 2552–53.

A court must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence. *See, e.g., United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986) (stating that "[t]he

court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues"). The court's function is not to weigh the evidence, but merely to determine whether there is sufficient evidence favoring the non-movant for a finder of fact to return a verdict in that party's favor. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–11. Essentially, the court performs the threshold inquiry of determining whether a trial is necessary. *Id.* at 250, 106 S.Ct. at 2511.

## III. DISCUSSION

### A. Misrepresentation

■ ECRI argues it is entitled to summary judgment on Dr. Rodriguez's misrepresentation claim because Kansas does not recognize misrepresentation as a distinct cause of action. The court agrees if plaintiff's claim is construed as one for "innocent" misrepresentation. *See Green Const. Co. v. Kansas Power and Light Co.,* 732 F.Supp. 1550 (D.Kan.1990) (Kansas courts would follow the established rule that innocent misrepresentation cannot support an affirmative claim for money damages). If, on the other hand, Dr. Rodriguez desires to assert a fraudulent misrepresentation claim, he must do so by seeking leave to file an amended complaint containing the specific averments required under Fed.R.Civ.P. 9(b).

### B. Negligent Misrepresentation

■ ECRI argues it is entitled to summary judgment on Dr. Rodriguez's negligent misrepresentation claim because Dr. Rodriguez cannot establish reliance upon any of the alleged misrepresentations. The Kansas Supreme Court has recently recognized a cause of action for negligent misrepresentation. *See Mahler v. Keenan Real Estate, Inc.,* 255 Kan. 593, 876 P.2d 609 (1994) ("We hold that a cause of action for negligent misrepresentation ... is recognized in the state of Kansas."). The Kansas court adopted § 552 of the *Restatement (Second) of Torts,* which provides:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

876 P.2d at 616 (quoting *Restatement (Second) of Torts* § 552(1) (1977)). "Thus, the elements of negligent misrepresentation differ from those of fraud only with respect to the standard by which the defendant is charged with knowledge of the representation's falsity." *Kreekside Partners v. Nord Bitumi U.S., Inc.,* 963 F.Supp. 959, 966 (D.Kan.1997) (citing *Mahler,* 876 P.2d at 616).

Dr. Rodriguez argues that to establish a claim for negligent misrepresentation, it is not necessary for the plaintiff to rely upon the alleged negligent misrepresentations. Instead, he contends, it is sufficient for the plaintiff to show reliance by a third party where such reliance results in damage to the plaintiff. The court disagrees. Plaintiff's position is not supported by Kansas law, and the court declines to expand the scope of a negligent misrepresentation action.

### C. Tortious Interference

Plaintiff has separately set forth the following tortious interference claims: interference with contract, interference with prospective business relations, interference with prospective business advantage, and inducement of breach of contract. These claims will be construed as claims for tortious interference with contract and tortious interference with prospective business advantage, both of which are recognized in Kansas. *See Turner v. Halliburton Co.,* 240 Kan. 1, 722 P.2d 1106 (1986).

■ Kansas law recognizes that one who, without justification, induces or causes the breach of a contract to which it is not a party will be answerable for damages caused thereby. *See Turner v. Halliburton Co.,* 240 Kan. 1, 722 P.2d 1106 (1986). The elements essential to recovery for tortious interference with contract are: (1) the existence of a contract between the plaintiff and a third party; (2) the wrongdoer's knowledge thereof; (3) his or her intentional procurement of its breach; (4) the absence of justification;

and (5) resulting damage to the plaintiff. *Brown Mackie College v. Graham*, 768 F.Supp. 1457, 1460 (D.Kan.1991), *aff'd*, 981 F.2d 1149 (10th Cir.1992); *Dickens v. Snodgrass, Dunlap & Co.*, 255 Kan. 164, 872 P.2d 252 (1994). A similar showing is required to establish a claim for tortious interference with prospective business advantage. The elements essential to recovery for interference with prospective business relationship are: (1) the existence of a business relationship or expectancy with the probability of future economic benefit to the plaintiff; (2) knowledge of the relationship or expectancy by the defendant; (3) that, except for the conduct of the defendant, plaintiff was reasonably certain to have continued the relationship or realized the expectancy; (4) intentional misconduct by defendant; and (5) damages suffered by plaintiff as a direct or proximate cause of defendant's misconduct. *Reazin v. Blue Cross & Blue Shield of Kansas, Inc.*, 899 F.2d 951, 977 (10th Cir.1990) (applying Kansas law and quoting *Turner v. Halliburton Co.*, 240 Kan. 1, 722 P.2d 1106, 1115 (1986)).

■ Defendant argues it is entitled to summary judgment on plaintiff's tortious interference with contract claim because the contract between St. Catherine and Regional Radiology could be terminated by either party, without cause, on ninety days' notice. Plaintiff concedes that St. Catherine acted in accordance with the termination provisions of the Radiology Agreement. He contends, however, that St. Catherine's termination of the Agreement can be construed as a breach of contract because it was effected in bad faith and in violation of the duty of good faith and fair dealing implied in all contracts. The court is not convinced. The express terms of the Agreement allowed termination without cause, provided notice was given. St. Catherine, therefore, was entitled to terminate the contract for any reason or for no reason at all, so long as Regional Radiology received ninety days' notice. Its motives for termination of the Agreement are, by the agreed terms of the contract, essentially irrelevant. St. Catherine cannot be found to have breached a contract terminated according to provisions expressly included by the parties.

Plaintiff's argument that ECRI caused the breach of a contract between himself and St. Catherine regarding his staff membership and privileges are also unavailing. Plaintiff advances no evidence to support the existence of such a contract. Indeed, it appears that Dr. Rodriguez's staff membership and privileges resulted not from an agreement between himself and St. Catherine, but rather from the contract between Regional Radiology and St. Catherine.

■ Defendant also argues it is entitled to judgment on Dr. Rodriguez's tortious interference with prospective business relationship claim. In support, defendant contends there is no evidence of any intent on the part of ECRI to interfere with Dr. Rodriguez's staff privileges at St. Catherine or any business relationships Dr. Rodriguez's might have had with referring physicians and their patients. Plaintiff contends that a reasonable jury could infer that ECRI intended to interfere with Dr. Rodriguez's prospective business relationship based on "the willingness of ECRI to rely on the unverified statements of hospital personnel, failure to include complimentary statements of interviewed physicians, failure to send appropriately trained personnel to conduct an investigation, and failure to attempt to verify statements which were shown to ECRI to be inaccurate immediately after publication." The court disagrees that a jury could infer from the evidence provided by plaintiff that ECRI intended to interfere with Dr. Rodriguez's prospective business relationships. Moreover, even if this evidence were otherwise sufficient to prove intent, it does not evidence conduct of sufficient severity from which a reasonable jury might infer malice, which Kansas law requires before a claim of tortious interference can be established. *See Reazin v. Blue Cross and Blue Shield of Kansas*, 899 F.2d 951, 977 (10th Cir.1990); *Petroleum Energy, Inc. v. Mid–America Petroleum, Inc.*, 775 F.Supp. 1420, 1429 (D.Kan. 1991); *Gillenwater v. Mid–American Bank and Trust Co.*, 19 Kan.App.2d 420, 870 P.2d 700, 704 (1994).

**D. Defamation and Business Disparagement**

■ Dr. Rodriguez initially set forth the following defamation claims: defamation,

business defamation, and business disparagement. In his response to defendant's summary judgment motion, plaintiff concedes that his claims for defamation and business defamation are barred by the one year statute of limitations found in Kan. Stat. Ann. § 60–514(a). Accordingly, the court will grant defendant's motion with respect to these claims. Plaintiff argues, however, that his business disparagement claim is a separate cause of action which is governed by the two-year statute of limitations found in Kan. Stat. Ann. § 60–513(a)(4), rather than the one year statute of limitations of Kan. Stat. Ann. § 60–514(a). The court disagrees. Plaintiff provides no binding authority for his position and the court can find no cases suggesting that Kansas recognizes business disparagement as a distinct cause of action. Defendant's motion, therefore, will also be granted as to plaintiff's business disparagement claim.

### E. Negligence

■ Plaintiff bases his negligence claims against ECRI on "ECRI's investigation of the radiology department, the unverified an inaccurate statements in its report, and its failure to further investigate and/or correct errors once the errors were brought to its attention." To recover on a common law negligence claims, Dr. Rodriguez must establish that: 1) ECRI owed a duty to Dr. Rodriguez, 2) ECRI breached that duty, 3) ECRI's breach of its duty caused Dr. Rodriguez's injuries, and 4) Dr. Rodriguez incurred damages. ECRI contends that it is entitled to summary judgment on plaintiff's negligence claims because ECRI did not owe a legal duty to Dr. Rodriguez and, even if such a duty did exist, ECRI did not breach that duty. ECRI also contends that Dr. Rodriguez's negligence claims should fail because he cannot establish causation.

Plaintiff relies on *Restatement (Second) of Torts* § 324(a) for his argument that ECRI owed a legal duty to plaintiff. By its express terms, however, Section 324 only applies where "physical harm" results from failure to exercise reasonable care. Dr. Rodriguez has not alleged physical harm or injury, only economic injury resulting from business losses. Accordingly, *Restatement (Second) of Torts* § 324(a) is not applicable to the circumstances of this case.

Plaintiff also argues that ECRI owed to plaintiff the common law duty of reasonable care to prevent foreseeable injuries to third persons. In support, plaintiff cites the landmark case of *Palsgraf v. Long Island R.R. Co.*, 248 N.Y. 339, 162 N.E. 99 (1928). Plaintiff also cites *Blackmore v. Auer*, 187 Kan. 434, 357 P.2d 765 (1960), in which the Kansas Supreme Court recognized that a negligence claim may arise from breach of a duty owed to third persons.

These cases are not persuasive, however, and are readily distinguishable from the present case. To begin with, the cited cases involved physical injury to third parties, not economic harm. More important, those cases did not involve, as does the present case, conduct in the form of statements made to a third party. Accordingly, the court rejects the argument that the foreseeability of economic damages to Dr. Rodriguez created a legal duty on the part of ECRI to use reasonable care in the preparation of its report to St. Catherine. To hold otherwise would allow plaintiff to circumvent the more stringent requirements of the torts of defamation, negligent misrepresentation, and tortious interference.

**IT IS THEREFORE BY THE COURT ORDERED** that defendant's Motion for Summary Judgment (Doc. 71) is granted.